LENA GARRETT, Appellant, *v.* BRADFORD R. WOOD, as Executor, etc., of BRADFORD R. WOOD, Deceased, Respondent.

*Pleading — when the reaffirmance by a reference thereto in a second separate defense of the denials of the first does not incorporate them into the second — demurrer.*

A second further and separate defense in an answer, which "reaffirms all the allegations and denials contained in the first, second and third paragraphs of the answer," which consist in substance simply of denials, and then follows with a statement of matter which does not constitute a defense, will not be construed as repeating the first defense and incorporating the denials thereof into such second and further defense — it consists of nothing more than the new matter therein alleged and is demurrable.

MERWIN and PUTNAM, JJ., dissented.

APPEAL by the plaintiff, Lena Garrett, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Albany on the 8th day of November, 1897, upon the decision of the court rendered after a trial at the Greene Special Term overruling the plaintiff's demurrer to the second and third defenses set up in the defendant's amended answer, and also from an order entered in said clerk's office on the 8th day of November, 1897, directing the entry of said judgment.

The action is against the defendant as the executor of Bradford R. Wood, deceased. The complaint avers, in substance, that as such executor he is in possession of certain premises in the city of Albany, and maintains a nuisance thereon, whereby the premises of the plaintiff, which are immediately in front of those possessed by the defendant, are seriously injured.

The answer consists of three divisions, each one claiming to be a " separate defense."

The first consists of three paragraphs. The 1st paragraph denies that plaintiff is the owner of the premises claimed by her. The 2d admits that the defendant is the executor of said Bradford R. Wood, but denies that as such he is in possession of the premises upon which it is charged the nuisance is maintained, or that he has ever had any power or control over the same. The 3d denies each and every other allegation contained in the complaint, except as hereinbefore admitted or denied.

. The second division begins as follows : " For a second, further and separate defense to the cause of action set forth in plaintiff's complaint. The defendant reaffirms all the allegations and denials contained in the first, second and third paragraphs of this answer, and further alleges," and then follows with a statement of matter that cannot in itself be claimed to be a defense.

The third division begins with the same language as above, except that the word " third " is used instead of " second," and it is also followed by allegations that in themselves do not constitute a defense. The plaintiff demurred to the second and third separate defenses set forth in the answer on the ground that they are insufficient in law upon the face thereof. The demurrer was overruled at the Special Term, and from the judgment entered thereon the plaintiff appeals to this court.

*Barnwell Rhett Heyward,* for the appellant.

*Countryman, Du Bois & Bevans,* for the respondent.

PARKER, P. J.:

If the statement in the second defense, that " the defendant reaffirms all the allegations and denials contained in the first, second

and third paragraphs of this answer," requires us to read into that second defense all such allegations and denials as a part thereof, then such second defense, although abominable pleading, is not demurrable. In that event it contains a denial of all the averments contained in the complaint (except that defendant is an executor as therein charged), and, therefore, it is not " insufficient in law " as a defense.

Several defenses may be separately stated in an answer, but each defense must be complete in itself, and must contain all that is necessary to answer the cause of action, or that part of it which it purports to answer. It is allowable, however, for the purpose of conciseness, to aver in one defense, or by way of introduction to all, facts alike applicable to several defenses, and to refer to them in the other defenses by language which will indicate a clear intent to incorporate them as allegations therein. (*Xenia Branch Bank* v. *Lee*, 7 Abb. Pr. 372, 386; *Ritchie* v. *Garrison*, 10 id. 246; *Simmons* v. *Fairchild,* 42 Barb. 404; *Baldwin* v. *U. S. Telegraph Co.*, 54 id. 505; *Green* v. *Parsons*, 14 N. Y. St. Repr. 97, 98.)

The answer under consideration does not conform to that rule. There is a statement to the effect that the defendant reaffirms the whole of his first defense. Evidently this is not a reference to certain facts in that first defense, which are pertinent, and necessary to be read with, and to complete the new matter contained in the second and third defenses. All of the material allegations of the first defense consist of denials, and such denials are not facts, which, read in connection with the new matter, constitute a separate and further defense. They add nothing whatever to the new matter, and it cannot, therefore, be supposed that it was intended to incorporate them into the second and third defenses in aid of that new matter.

In the second and third defenses, the evident design is to set up a "further" defense, and not to merely repeat or reaffirm the first one. The pleader so distinctly states. Hence, we have no reason to conclude that he intended to incorporate such denials into and make them a part of such "further defenses." He does not state that such is his intention, and his statement that he reaffirms his first defense is nothing more than a statement that, in addition to his first defense, he pleads the following facts as a further defense.

The second and further defense is the new matter therein alleged; the first defense becomes no part of it.

If such a system of pleading were tolerated, the defendant might state that he reaffirmed the first defense as a part of his second, and the first and second as a part of his third, and the first, second and third as a part of his fourth, and so on; and thus a rule adopted only for the purpose of conciseness in pleading would be used to create infinite confusion. I conclude that one defense may not, by averment merely, be incorporated bodily into another; that only facts which are necessary and pertinent to complete the allegations of new matter therein may be so incorporated, and only those will be deemed included in a subsequent defense which are clearly averred in a prior defense, and which, by apt and appropriate language, have been referred to in the subsequent defense as a part thereof.

These views lead to the conclusion that the second and the third defenses in the answer before us consisted of nothing more than the new matter therein alleged; and inasmuch as such new matter constituted in itself no defense to the cause of action set forth in the complaint, the demurrer thereto should have been sustained.

The order and judgment appealed from are reversed, with costs, and judgment is ordered for the plaintiff upon the demurrer, with costs, with leave to the defendant to amend his second and third defenses, if he so desires, within twenty days after notice of such judgment and upon payment of such costs.

LANDON and HERRICK, JJ., concurred; MERWIN and PUTNAM, JJ., dissented.

Order and judgment appealed from reversed, with costs, and judgment ordered for the plaintiff upon the demurrer, with costs, with leave to the defendant to amend his second and third defenses, if he so desires, within twenty days after notice of such judgment and upon payment of such costs.