### BRENEN v. KELLY et al.

(Supreme Court, Special Term, New York County. December 21, 1899.)

1. COVENANT AGAINST INCUMBRANCES—BREACH—COMPLAINT.

A complaint for breach of a covenant against incumbrances, alleging that there were unpaid taxes on the property conveyed, at the delivery of the deed, presents a cause of action; and the fact that plaintiff has not paid them goes only to the amount of recovery.

2. SAME—INSUFFICIENT ANSWER.

An answer to a complaint for breach of covenant against incumbrances on account of nonpayment of taxes, showing that they were paid by a third party on foreclosure of a mortgage against the premises, and that he had agreed not to enter judgment against the covenantee, is insufficient.

Action by Edward E. Brenen against Charles P. Kelly and others. Plaintiff demurs to matters in the answer. Sustained.

Edward E. Brenen in pro. per.

Charles W. Dayton, for defendants.

GIEGERICH, J. This action is for a breach of a covenant against incumbrances, based upon the allegation that at the time of delivery of the deed there were unpaid taxes upon the property to the amount of $116.86, together with the penalty, and interest thereon, for nonpayment. This allegation would disclose an immediate breach of the covenant. Ger. Real Estate (4th Ed.) p. 525. And while the plaintiff's recovery would depend, as to amount, upon proof that he had paid off the incumbrance, the fact that it is not discharged affects only the measure of damage, and does not go to the cause of action. Stearn v. Hesdorfer, 9 Misc. Rep. 134, 29 N. Y. Supp. 281; McGuckin v. Milbank, 83 Hun, 473, 31 N. Y. Supp. 1049. Hence the plaintiff presents a case, and, by his demurrer, the sufficiency of the separate defense to meet that case is the only point left for my determination. This defense is that upon the foreclosure of a certain mortgage, assumed in this deed by the plaintiff, the property conveyed was sold, and that after the payment of the expenses of sale and of the taxes there remained a deficiency of $714.50, but that, by stipulation between this plaintiff and the mortgagee, it was agreed that no judgment for the deficiency should be entered. The gist of the defense is that, since the taxes have been paid by a third party, who has agreed not to enter judgment, as he was entitled to do, for the amount, the plaintiff was not injured by the existence of the lien for the taxes; but I cannot hold this to be the necessary result. In effect, the taxes were paid for the plaintiff's account, and he was to respond to the party paying them. If he was released thereafter and gave nothing for the release, it was nudum pactum, and his liability still subsists. If he gave consideration for the release, the

payment of the taxes was his payment, unless the extent of the plaintiff's bargain with this third party is to be proven for the benefit of the defendants,—a proposition which I am not wholly prepared to concede. Assuming, however, that the plaintiff may only recover from the defendants the consideration which he gave to procure the discharge of the taxes, the matter alleged goes only to the quantum of the damages, and thus was to be pleaded, if at all, as a partial defense, and tested as such. Code Civ. Proc. § 508. But the allegations are presented specifically as a separate and distinct defense to the cause of action, and their sufficiency to present a partial defense is not before me. Thompson v. Halbert, 109 N. Y. 329, 16 N. E. 675.

Demurrer sustained, with costs, with leave to amend upon payment of costs within 20 days.