(39 Misc. Rep. 543.)

### JAEGER v. CITY OF NEW YORK.

(Supreme Court, Special Term, Kings County. January, 1903.)

1. PLEADING—DEMURRER TO ANSWER.

An answer consisted of two parts: First, a general denial; and, second, matter pleaded as a defense. *Held*, that a demurrer "to the defense set up in the answer" is not made to the denial in the answer, but only to the subsequent additional matter set up by way of a defense.

2. SAME—DEFENSE.

However inconsistent with the allegations of a complaint the allegations in the defense may be, they cannot be treated as having the effect of a denial, so as to authorize the overruling of a demurrer on the ground that they amount to a denial.

3. SAME—DENIAL.

A denial must be stated separately, and not mingled with a defense.

4. MONEY PAID—ACTION TO RECOVER—DEFENSES.

In an action to recover for money paid by mutual mistake, an allegation in defense that the payment was not made under duress and was voluntary is frivolous.

5. PLEADING—ANSWER—DEMURRER.

Where an answer contains a general denial and matter pleaded as a defense, and the only issue raised is that raised by the general denial, and plaintiff demurs to the defense, the demurrer must be sustained.

Action by Michael Jaeger, administrator, against the city of New York. Demurrer to a defence sustained.

Henry Cooper, for plaintiff.
Samuel K. Probasco, for defendant.

GAYNOR, J. The complaint is in substance that by a mutual mistake of fact the plaintiff's intestate paid to the defendant and the defendant received of her a certain sum as and for a tax which had been levied against her real estate, but which had in fact never been levied against it.

The answer is in two paragraphs, as follows:

"The defendant answering the amended complaint of the plaintiff denies any knowledge or information sufficient to form a belief as to the allegations of the complaint numbered, first, second, third, fourth, fifth, sixth and seventh.

"Further answering this defendant alleges that if a payment was made as alleged in paragraph numbered third of the complaint herein that said payment if made was a voluntary payment and not made under duress."

The literary character of this answer is too apparent to need to be pointed out. The verbosity of the denial in the first paragraph becomes more apparent when it is stated that the complaint consists of seven numbered paragraphs. To deny "each and every allegation in the complaint contained," which is the prescribed form, was altogether

too plain and simple for use. The objection now made to the denial is that it is in gross, instead of being of each allegation, as prescribed by the Code of Civil Procedure.

The demurrer is, in so many words, to "the defence set up in the answer herein, upon the ground that as it appears upon the face thereof it is insufficient in law."

Counsel on both sides, however, treat this as a demurrer to the whole answer, instead of to "the defence set up in the answer." "The answer is demurred to on the ground that it is insufficient in law on the face thereof," says the brief for the plaintiff; and "This is a demurrer to an answer as not being sufficient in law," says the brief for the defendant; and on this basis the argument of each side is carried out.

The answer, as has been seen, consists of two parts, first, a general denial, and, second, matter apparently pleaded as a defence. The position of each side that the demurrer must be taken to be to the whole answer is the outcome of a recent statement in an opinion that in the terminology and nomenclature of pleading a "denial" is a "defence." Staten Island M. R. R. Co. v. Hinchcliffe, 170 N. Y. 481, 63 N. E. 547. The premise being accepted that a "denial" is a "defence," this demurrer though in terms to "the defence set up in the answer" would, I suppose, have to be deemed to aim at the "denial" in the answer, as much as at the further answer by way of a defence.

Taking this view of the scope of the demurrer, it would have to be overruled if the denial be sufficient in law. But, with due submission to things actually decided, and without being unduly influenced by mere expressions in opinions, must such a view be taken of it? Is a "denial" a "defence" in the terminology and nomenclature of pleading, and must, therefore, a demurrer to "the defence set up in the answer" be deemed a demurrer to the denial set up in the answer?

Section 500 of the Code of Civil Procedure provides that an answer must contain (1) a general or specific denial of each allegation of the complaint controverted, and (2) a statement of any new matter (i. e., matter which cannot be proved under a denial) constituting a defence or counterclaim. Here we plainly have three terms used, each meaning a different thing, viz., "denial", "defence" and "counterclaim." I suppose that in this terminology a "denial" is no more to be called a "defence" than it is to be called a "counterclaim."

And section 494 provides that the plaintiff may demur to a "defence" or a "counterclaim," on the ground that it is insufficient in law. This does not permit a "denial" to be demurred to for such insufficiency. A "denial" cannot be demurred to at all. The only remedy is by motion for judgment on it as frivolous. Section 537; Wayland v. Tysen, 45 N. Y. 281. This all helps to show the difference between a "denial" and a "defence," and to point out the distinct terminology used in our system of pleading.

It seems to me, therefore, that I should not deem it decided that a "denial" is a "defence"; and I therefore decide that this demurrer to "the defence set up in the answer" does not aim at the "denial" in the answer, but only at the subsequent additional matter set up by way of a defence.

And the difficulty does not end here, for the opinion in the case against Hinchcliffe already cited seems to say that a demurrer to a pleaded "defence" cannot be sustained if such defence contain allegations inconsistent with the allegations of the complaint, because they must be taken as amounting to a denial. Of allegations of facts which were pleaded as a separate "defence," but which were not new matter constituting a defence at all, but provable under the general denial, the opinion says:

"It may be conceded that this defence is not new matter, as it is not in avoidance or confession (sic) of the matter set forth in the complaint. But it is none the less a defence, because it is what is termed in pleading a denial."

But it does not seem that I am to consider that the court decided this, for it is a long established rule of pleading, again recently declared (i. e., in the same official volume which reports the Hinchcliffe Case), that affirmative allegations in an answer which are inconsistent with the allegations of the complaint, are not a denial and cannot be taken in lieu of the formal denial required by the Code. Smith v. Coe, 170 N. Y. 162, 63 N. E. 57. Says the court:

"But as already stated, there was no denial, general or specific, of the allegations of the complaint referred to, except so far as such denial could be spelled out or inferred from an inconsistent version of the transaction given by the pleader in the answer. The allegations of the complaint are controverted or put in issue only by a general or specific denial. A material fact alleged is not controverted or put in issue by a statement inconsistent with the facts alleged, or from which a general denial may be implied or inferred."

Therefore, however inconsistent with the allegations of the complaint the allegations in this defence in the present case may be, I am not permitted to treat them as having the effect of a denial, and to overrule the demurrer on the ground that they are or amount to a denial. And the phrase "avoidance or confession" is brand new. We all know what the phrase "confession and avoidance" means (for it is ancient that that is what matter pleaded as a defence must always be), but what does this new phrase mean?

I am still confronted by another difficulty, for a denial may in effect or substance be said or thought to lurk in the allegations here pleaded for a defence; and in the opinion in the very recent case of Hopkins v. Meyer, 76 App. Div. 365, 78 N. Y. Supp. 459, after quoting the provision for denials in section 500 of the Code of Civil Procedure, it is said: "It is nowhere provided where such denials shall be made—whether in separate paragraphs, or in connection with other matters." I own to a doubt that the court decided this; it seems to me rather one of those inadvertences which the most learned judges cannot always be free from. The said section 500 separates the provisions for denials and new matter to be pleaded as a defence in numbered paragraphs. I do not see how it could more distinctly mark such separation. In addition to this, section 507 specially provides that defences and counterclaims "must be separately stated and numbered"; i. e, they cannot be mingled with denials, or denials mingled with them. In addition to this it has been frequently held that a "denial" mingled in with matter pleaded as a "defence" will

be struck out on motion as being irrelevant there, under section 545 of the Code of Civil Procedure. These decisions are too well known among us to need to be cited.

Coming therefore to the consideration on principle of whether the matter here pleaded for a "defence" is "insufficient in law on the face thereof" (section 495), (i. e., whether it is new matter which constitutes a "defence" to the action if the allegations of the complaint be all taken as true, on the well settled principle of confession and avoidance), I think I must decide that it is insufficient; that it constitutes no "defence" at all. The allegation of new matter is that the payment was not made under duress, but was voluntary. There is no allegation of duress in the complaint, but on the contrary that the money was paid under a mutual mistake of fact. This new matter in defence is frivolous verbiage. The general denial raises the only issue which is raised by the answer.

There still remains a difficulty, viz., whether the demurrer should be overruled, and the plaintiff remitted to a motion for judgment on the defence as frivolous under section 537 of the Code of Civil Procedure, or to strike it out as irrelevant or redundant under section 545; for the learned judge who writes in the Hinchcliffe Case says: "There are defences which may be stricken out on motion but cannot be reached by demurrer." It has not heretofore been understood in our learned profession that an entire pleading or plea or defence could be struck (or "stricken") out on motion as irrelevant under section 545, and there is no provision for it, but only that irrelevant things mingled therein may be so struck out. And in respect of frivolous answers, denials or defences, it is known to us all that a motion for judgment thereon is quite often denied when the case is not perfectly plain, and the moving party remitted to the more deliberate procedure of demurrer. But the converse, i. e., to overrule a demurrer and remit the party to a motion, is a thing unknown; no such practice exists or is permitted.

The demurrer to the matter pleaded as a defence is sustained.