(42 Misc. Rep. 411.)

### BLUMENFELD v. STINE.

(Supreme Court, Special Term, Fulton County. January, 1904.)

1. PLEADING—ANSWER—SEPARATE DEFENSE.

In an action to recover for false representation, the answer contained five numbered paragraphs. The first two were denials. The third alleged that "defendant, for a further and separate answer and defense, shows," etc., while in the fourth and fifth the recital of the facts was continued without any preliminary statement. Plaintiff demurred to the matter set up as a further and separate answer. Held, that the denials in paragraphs 1 and 2 were no part of the last three paragraphs, which were meant as a single defense.

2. SAME—NEW MATTER—DEMURRER.

A demurrer lies to new matter set up by way of a defense, whether or not the facts are provable under a general denial.

3. FRAUD—FALSE REPRESENTATIONS—DEFENSE.

A purchaser of lands sued his vendor for false representations as to liens upon the property, and defendant alleged that the deed was delivered to the grantee after the representations were made, but did not allege that it was received with knowledge of the fraud. Held to set forth no defense.

87 N.Y.S.—6

**4. SAME—ESTOPPEL.**

    A grantee is not estopped to sue for damages caused by false representations by his grantor as to incumbrances on the land by the fact that an examination of the public records would have informed him as to the same.

**5. SAME—ACTUAL DAMAGES.**

    In an action for fraud, actual damages need not be alleged nor proved.

Action by Herman Blumenfeld against William W. Stine. Demurrer to answer sustained.

Alvah Fairlee and Marvin H. Strong, for plaintiff.

E. E. Kriegsmann (Horatio G. Glen, of counsel), for defendant.

SPENCER, J. This action is to recover damages for false representations alleged to have been made by the defendant in respect to liens and incumbrances upon certain real property situated in the city of Schenectady, sold and conveyed by the defendant to the plaintiff. The defendant's answer consists of five paragraphs numbered consecutively. The first paragraph denies allegations 1 and 2 of the complaint. The second paragraph alleges that the defendant has no knowledge or information sufficient to form a belief as to allegation 3 of the complaint. The third paragraph begins as follows: "Defendant for a further and separate answer and defense shows and alleges," etc. The fourth and fifth paragraphs continue the recital of facts without preliminary statement.

I think paragraphs third, fourth, and fifth must have been intended as a single defense to the cause of action set forth in the complaint (Brenen v. Kelly, 30 Misc. Rep. 46, 61 N. Y. Supp. 695), and that the denials contained in paragraphs first and second constitute no part of such defense (Eells v. Dumary, 84 App. Div. 105, 82 N. Y. Supp. 531; Douglass v. Phenix Ins. Co., 138 N. Y. 209, 33 N. E. 938, 20 L. R. A. 118, 34 Am. St. Rep. 448). But, even if they may be so considered, they, being denials only, do not add to the matter alleged by way of defense in the subsequent paragraphs. Garrett v. Wood, 27 App. Div. 312, 50 N. Y. Supp. 950.

The facts alleged in paragraphs third, fourth, and fifth, briefly stated, are to the effect that the contract for the purchase of the property was in writing; that such contract was consummated by a deed delivered to the plaintiff; and that the liens and incumbrances upon the property were of public record. To these allegations the plaintiff has demurred.

If I understand the contention of the defendant, it is that the facts so alleged constitute a defense to the cause of action set up in the complaint, but that such facts are not new matter alleged in avoidance or confession, and therefore may not be reached by demurrer; that plaintiff's remedy, if any, was by motion to strike out. The defendant, in support of this contention, cites Staten Island M. R. R. Co. v. Hinchliffe, 170 N. Y. 473, 63 N. E. 545, and emphasizes what is there quoted from Judge Selden in respect to two classes of defenses: "(1) Those which deny some material allegation on the part of the plaintiff; (2) those which confess and avoid those allegations." That demurrer is

¶ 4. See Frauds, Statute of, vol. 23, Cent. Dig. § 19.

not the proper method of getting rid of such defenses, for the "plain reason that a demurrer admitted the truth of the plea, and the facts contained in such a plea, if proved or admitted, must necessarily constitute a good defense."

It is, however, well to note that what is there quoted from Judge Selden was clearly obiter, the court passing upon the merits of the separate defense demurred to, and holding that the facts alleged constituted a valid defense to the cause of action set out in the complaint. That the Court of Appeals did not intend the construction put upon its language by the defendant here is shown in Kraus v. Agnew, 80 App. Div. 1, 80 N. Y. Supp. 518, and Jaeger v. City of New York, 39 Misc. Rep. 543, 80 N. Y. Supp. 356. But however this may be, the practical rule adopted and acted upon by the Court of Appeals is to the effect that, when facts are alleged as new matter by way of defense, their sufficiency as such defense may be tested by demurrer, whether such facts are admissible in proof under a general denial or not. A plaintiff is certainly at liberty to demur to a defense consisting of new matter contained in an answer, on the ground that such defense is insufficient in law (Code Civ. Proc. § 494), and, whenever a defendant alleges facts as new matter by way of defense, he may not, when such defense is demurred to, be heard to say that the facts so alleged are not new matter, because forsooth they are admissible in proof under his denial.

If I am correct in this view, then the demurrer herein requires a decision of the question whether the facts alleged by the defendant constitute a defense to the cause of action alleged in the complaint. A careful examination of this subject leads me to the conclusion that they do not. The fact that a deed of the premises was executed and delivered subsequent to the alleged fraudulent representations, without alleging that such deed was received and accepted with notice of the fraud, constitutes no defense. Nor does the fact that the plaintiff could have informed himself as to incumbrances by an examination of the public records preclude him from maintaining his action. Negligence is no defense to fraud. That the victim was an easy mark has not yet been heard to justify garroting.

The defendant challenges the complaint on the ground that the facts there alleged do not constitute a cause of action. He relies chiefly upon the claim that no specific damages are alleged. In actions of fraud it is not necessary to allege or prove actual damages. Pryor v. Foster, 130 N. Y. 171, 29 N. E. 123. The demurrer is therefore sustained, with leave to the defendant to plead over upon payment of costs.

Demurrer sustained, with leave to defendant to plead over upon payment of costs.