was error, therefore, which we cannot disregard. People v. Strait, 154 N. Y. 165, 171, 47 N. E. 1090.

The judgment must be reversed, and a new trial ordered.

Conviction, order, and judgment of the County Court of Saratoga county reversed and a new trial ordered, and the clerk directed to enter judgment and remit certified copy thereof with the return and decision of this court to such County Court, pursuant to sections 547, 548, of the Code of Criminal Procedure. All concur.

(96 App. Div. 160.)

### BLUMENFIELD v. STINE.

(Supreme Court, Appellate Division, Third Department. June 30, 1904.)

1. ACTION FOR FRAUD—ANSWER—SUFFICIENCY.

In an action for damages for alleged fraudulent representations concerning the amount of street assessments, subject to the payment of which plaintiff purchased certain real estate from defendant, defendant, in addition to general denials, served a "separate answer and defense," containing no denial of the fraud alleged in the complaint, but alleging that a contract was entered into between the plaintiff and defendant whereby the defendant agreed to sell to the plaintiff the property in question for a certain sum, subject to street assessments, without limitation as to the amount thereof; that a deed was delivered to plaintiff for the property, subject to all liens and incumbrances thereon for street improvements, without covenant as to the amount; and that the assessments were a matter of public record, and constituted notice to plaintiff. Held, that the answer was insufficient, standing alone, as a separate answer and defense, which it purported to be.

2. SAME—ELEMENTS.

Where a contract was entered into, one of the parties to which made false representations, knowing them to be false, and they were made for the purpose of inducing the other party to enter into the contract, and the latter, believing the representations and relying on them, was induced to enter into the contract, and parted with his money therefor, and was damaged thereby, all the elements are shown to constitute a cause of action for fraud.

Appeal from Special Term, Schenectady County.

Action by Herman Blumenfield against William W. Stine. From an interlocutory judgment for plaintiff, defendant appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Horatio G. Glen, for appellant.

Marvin H. Strong, for respondent.

CHESTER, J. The action is one brought for damages for alleged fraudulent representations concerning the amount of certain street assessments, subject to the payment of which the plaintiff purchased certain premises of the defendant. It is alleged that the assessments were represented by the defendant to be not to exceed $160, when they in fact amounted to $320. The answer, in its first and second paragraphs, contained a general denial of the allegations of the complaint, and in its third paragraph the matters are alleged "as a further and separate answer and defense," which are

demurred to as insufficient in law upon the face thereof. The matters so alleged in this paragraph are but a recital of the evidence, or some of it, which the defendant relies upon in support of his general denial, and, standing alone and admitted to be true, they in no sense amount to a defense. It is alleged that a contract was entered into in writing between the plaintiff and the defendant whereby the latter agreed to sell to the former the premises in question for $375, subject to the street assessments thereon, and that no limitation as to the amount of such assessments was set forth in the contract; also that a deed was subsequently executed and delivered by the defendant to the plaintiff of the premises in question, subject to all liens and incumbrances thereon for street improvements, and without any covenant as to the amount of such liens and incumbrances, which the plaintiff therein assumed and agreed to pay. It is also alleged that the assessments were a matter of public record, open to the inspection of the plaintiff, and constituted notice of the amount of the assessments on the premises at the time such contract and deed were accepted by him. The paragraph demurred to contains no denial of the fraud alleged in the complaint, which is the gist of the cause of action. It was apparently inserted in the answer because of the doubt which the pleader entertained as to whether the matters alleged would be admissible in evidence under the general denial contained in the first and second paragraphs of the answer, but it is quite as apparent that the plaintiff could not prove the bargain and deed alleged in the complaint without himself putting in evidence both the contract to sell and the deed alleged in this paragraph, and that he would have to resort to the official records of the assessments to show that they are larger than he claimed the defendant represented them to be. So the question as to whether these matters can be proven under the general issue is of little moment. If, however, the plaintiff can discover a way of proving the allegations of his complaint without himself offering these documents and records in evidence, I entertain no doubt that they would be competent to be received in evidence upon the offer of the defendant under his general denial, as supporting or tending to support his theory that the plaintiff knew or ought to have known of the exact truth concerning the amount of the assessments before the delivery of the deed to him. But standing alone, the matters alleged in the paragraph demurred to are insufficient in law as a separate answer and defense, for the reason that they may all be true, and still the fraud alleged in the complaint, which is the main issue to be determined, is in no way controverted or defended against by reason of them.

In order to save his pleading, the defendant urges that the complaint is insufficient; but an examination of that shows that it contains all the elements required, and states a good cause of action for fraud. It alleges the contract to purchase between the parties; that the defendant made certain false representations to the plaintiff, which were known to the defendant to be false, and that they were made for the purpose of inducing plaintiff to enter into the bargain, and that the plaintiff believed such representations, and,

relying upon them, was induced to enter into the bargain to purchase the real estate in question, and parted with his money therefor; and that he was damaged by reason thereof.

The judgment should be affirmed, with costs, with leave to plead anew.

(44 Misc. Rep. 122.)

## PEOPLE ex rel. STEIN v. CRANE, City Magistrate, et al.

### (Supreme Court, Special Term, Kings County.   June 25, 1904.)

1. MAGISTRATES—JURISDICTION—COMMON PROSTITUTE—SENTENCE TO REFORMA-
TORY.

New York City Charter, Consol. Act, Laws 1882, p. 366, c. 410, § 1458, gives a magistrate jurisdiction to require a common prostitute to give bond for good behavior, or to impose a small fine; and Laws 1896, p. 511, c. 546, as amended by Laws 1904, c. 453, provides that a woman convicted of being a common prostitute may be sentenced to the reformatory for women.   Cr. Code, § 887, provides that a common prostitute, who has no lawful employment whereby to maintain herself, is a vagrant.   *Held,* that when no charge of vagrancy is made a magistrate has no authority to sentence a woman to the reformatory on a charge of being a common prostitute.

Habeas corpus and certiorari in aid thereof on the relation of Annie Stein to secure her release from the State Reformatory.   Relator discharged.

Leonard A. Snitkin, for relator.

William Travers Jerome, for respondents.