ONDERDONK v. PEALE, PEACOCK & KERR, Incorporated.

(Supreme Court, Appellate Division, Second Department. April 28, 1905.)

1. PLEADING—DEMURRER—NEW MATTER.

   An averment in a defense that the contract in suit was executed in New York was a denial of the allegation in the compaint that it was executed in Pennsylvania, so that the defense was not subject to attack by demurrer under Code Civ. Proc. § 494, permitting a plaintiff to demur to a defense consisting of new matter.

2. FOREIGN CORPORATIONS—RIGHT TO DO BUSINESS—CERTIFICATE—PLEADING.

   In an action on a contract by a foreign corporation, alleged to have been executed and delivered in another state, the failure of such corporation to obtain the certificate prescribed by General Corporation Law, § 15 (Laws 1892, p. 1805, c. 687), could not bar the suit, in the absence of any averment that such corporation was doing business within the state.

   [Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations, § 2544.]

Appeal from Special Term, Rockland County.

Action by George W. Onderdonk against Peale, Peacock & Kerr, Incorporated. From an interlocutory judgment overruling plaintiff's demurrers to certain defenses, he appeals. Affirmed in part, and reversed in part.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, and HOOKER, JJ.

J. Du Pratt White, for appellant.

Charles B. Blair, for respondent.

WILLARD BARTLETT, J.  The plaintiff, who is a resident of this state, brings this action as the assignee of the Sterling Coal Company, a Pennsylvania corporation, to recover certain sums of money alleged to be due under a contract between that company and the defendant, which is also a corporation organized and existing under and by virtue of the laws of Pennsylvania. The contract, a copy of which is attached to the complaint and made a part thereof, is alleged to have been executed and mutually delivered in the commonwealth of Pennsylvania on or about the 26th day of August, 1901. The answer, after interposing various denials, sets up various further and separate defenses, to eight of which the plaintiff demurred. The demurrer has been overruled at Special Term, and the plaintiff has appealed from the interlocutory judgment so far as it relates to two of these demurrers, namely:  (1) The second defense to the first, second, third, and fourth causes of action; and (2) the second defense to the fifth cause of action.

1. The second defense to the first, second, third, and fourth

causes of action alleges that the contract annexed to the complaint was executed and actually delivered in the state of New York on or about the 26th day of August, 1901, at which time the Sterling Coal Company had not complied with the provisions of section 15 of the general corporation law (Laws 1892, p. 1805, c. 687) of the state of New York, relating to the certificate of authority of a foreign corporation to do business within this state, and that by reason of that fact the plaintiff is not entitled to maintain any action in this state upon the said contract of his assignor. The briefs of both parties upon this appeal are devoted solely to the discussion of the question whether the execution and delivery of the contract constituted doing business within this state, within the meaning of the statutory provision cited, but I think the appeal must be disposed of without passing upon that question. The averment in the defense now under consideration, to the effect that the contract was executed and actually delivered in the state of New York, is a denial of the allegation in the complaint to the effect that it was executed and delivered in the commonwealth of Pennsylvania. Where a denial of a material allegation of the complaint is joined with new matter, and both are pleaded as a separate defense, such so-called defense is not demurrable. The only sort of a defense which may be attacked by demurrer is a defense consisting of new matter. Code Civ. Proc. § 494. The interpolation of a denial is the averment of matter which is not new, and renders the so-called defense unassailable by demurrer. Garrett v. Wood, 27 App. Div. 312, 50 N. Y. Supp. 950. The new matter contemplated by the Code provision admits and seeks to avoid the cause af action set out in the complaint. Bellinger v. Craigue, 31 Barb. 534, 537. The learned court at Special Term, therefore, was right in overruling the demurrer to this defense, irrespective of any question as to whether the mere execution and delivery of a contract here amounted to doing business in the state of New York.

2. The second defense to the fifth cause of action is substantially the same as the defense already considered, except that it omits any averment as to the jurisdiction within which the contract was executed and delivered. In effect, therefore, it admits the allegation of the complaint that such execution and delivery took place in the commonwealth of Pennsylvania. If such were the fact, the failure of the Sterling Coal Company to obtain the certificate prescribed by section 15 of the general corporation law of this state could not constitute a bar to the maintenance of the action, in the absence of any averment to the effect that such corporation was doing business within this state, and there is no such averment in this part of the answer. It follows that the facts therein stated were insufficient in law to constitute a defense, and the demurrer to this defense should have been sustained.

Interlocutory judgment affirmed so far as it overrules the plaintiff's demurrer to the second defense to the first, second, third, and fourth causes of action, and reversed so far as it overrules the demurrer to the second defense to the fifth cause of action, and demurrer to the latter defense sustained, without costs to either party. All concur.