MAX TAUB, Respondent, v. SYLVAN FARMS, INC., et al., Appellants.— In an action to recover damages for fraud and deceit predicated upon misrepresentations which induced plaintiff to purchase a certain farm and dairy business, defendants appeal from an order granting plaintiff's motion for reargument of a motion to examine defendant Samuel Shapiro before trial, and upon such reargument granting plaintiff's motion to modify a prior order dated December 13, 1944, for that defendant's examination before trial. The original order had limited the examination to representations which were claimed to have induced the making of the contract, and which were prior thereto. The modification on reargument consisted of striking out the limitation that the examination be confined to misrepresentations made prior to the making of the contract, and permitted the examination without such restriction, upon the theory that evidence of subsequent misrepresentations would be admissible as bearing upon intent and motive. The subsequent representations which plaintiff desired to prove were repetitions of the original representations to him between the time of the making of the contract and the taking of title. Order reversed on the law, with $10 costs and disbursements, the motion denied, without costs; and the order of December 13, 1944, reinstated without modification. The fraud alleged in the complaint is based upon misrepresentations as to the net income of the business, the registration and pedigree of the herd of cows on the farm, and the location and extent of acreage to be reserved by the vendor. A prima facie case of fraud would be established by plaintiff's proof that the representations were made, that they were false to defendants' knowledge, and that plaintiff relied thereon to his damage. Fraudulent intent would be inferred from that state of facts and plaintiff would be under no obligation to prove such intent by independent evidence. The examination before trial was properly limited to representations which induced the making of the contract, and it was error to permit an inquiry as to similar representations made thereafter. Defendants may not be examined as to transactions which occurred or representations made after the execution of the contract. However, we do not pass upon the admissibility of evidence relating to such transactions and representations which may be offered upon the trial. Close, P. J., Johnston, Adel, Lewis and Aldrich, JJ., concur.

JOHN J. THOMPSON et al., on Behalf of Themselves and All Other Residents or Property Owners in the Borough of Brooklyn, Similarly Situated, Appellants, v. JOSEPH DE PALMA, Respondent.— Action to restrain defendant from operating his auto repair shop in a manner offensive to near-by residents and property owners. Judgment denying injunctive relief to plaintiffs and dismissing the complaint on the merits, unanimously affirmed, with costs. No opinion. Present —Close, P. J., Hagarty, Johnston, Lewis and Aldrich, JJ.

CAROLINE WEBER, Respondent, v. IDA GINSBERG, Appellant.— Action to recover damages for personal injuries sustained by plaintiff as the result of a fall at the entrance of defendant's multiple dwelling, in which she was a tenant, occasioned by the alleged negligence of defendant. Judgment for plaintiff unanimously affirmed, with costs. No opinion. Present—Hagarty, Acting P. J., Johnston, Adel, Lewis and Aldrich, JJ.