VESEY ASSOCIATES, INC., et al., Plaintiffs, *v.* REGIME REALTY CORP., et al., Defendants.

Supreme Court, Special Term, New York County, August 16, 1961.

*Samuel Ecker* for defendants.   *Martin Rosen* for plaintiffs.

CHARLES A. LORETO, J.   Motion by defendants for summary judgment.   Plaintiffs are the corporate purchaser of subject buildings and its partnership assignee suing the corporate seller and one Delinsky, an officer of the said corporation.   The complaint alleges false and fraudulent representations of the condition of the rear of one of the buildings by Delinsky to induce the purchase.   Two additional causes of action for fraudulent concealment of a defective condition and for " negligent words " amounting to a fraud are included in the complaint.

More than a year after the sale, a violation was placed against the premises because the rear wall was cracking, bulging and out of bond. Plaintiffs were required to cure these conditions and have brought this suit to recover expenditures thus incurred by them.

Apart from other contentions, defendants rely principally upon the following two clauses in the contract of sale, which they contend are specific disclaimers of representations: " Seller has made no representations in respect to the premises herein described, except as stated in this contract.   Purchaser has examined and investigated to his full satisfaction the physical nature and condition of the premises and property hereby agreed to be sold and agrees to accept the same in its present condition of repair, subject to the further continued use of the property to the date of the closing of title.   Purchaser, in executing this agreement and in undertaking to perform and in performing the same, does not rely upon any statements or representations or information by whomsoever made, except as they are set forth in this agreement."   And " It is understood and agreed that all understandings and agreements heretofore had between the parties hereto are merged in this contract, which alone fully and completely expresses their agreement, and that the same is entered into after full investigation, neither party relying upon any statement or representation, not embodied in this contract, made by the other.   The purchaser has inspected the buildings standing on said premises and is thoroughly acquainted with their condition."

Plaintiffs specifically claim that false representations were made concerning the physical condition of the building.   It is obvious, however, that the contract provisions quoted clearly and distinctly state that the purchaser has fully inspected the

premises and in no way relies upon any representations by anyone in entering into the agreement. The disclaimers here are, in fact, more specific than in the case of *Danann Realty Corp.* v. *Harris* (5 N Y 2d 317), which is particularly applicable here. The Court of Appeals there stated (pp. 320–321): '' Here, however, plaintiff has in the plainest language announced and stipulated that it is not relying on any representations as to the very matter as to which it now claims it was defrauded. Such a specific disclaimer destroys the allegations in plaintiff's complaint that the agreement was executed in reliance upon these contrary oral representations.'' *Crowell-Collier Pub. Co.* v. *Josefowitz* (5 N Y 2d 998), cited by plaintiffs is not in point. There, a general disclaimer clause was held not a bar to an action for fraud in the inducement of a contract.

Here no claim is made of fraud in inducing plaintiffs to agree to the inclusion of the disclaimer clauses in the contract.

Lastly, it is contended by plaintiffs that, even if no suit may be maintained against the corporate seller, an action will nonetheless lie against an individual broker or agent of the corporate seller, who has exceeded his authority by making allegedly false representations, even where a specific disclaimer has relieved the seller of liability (*Wittenberg* v. *Robinov,* 9 N Y 2d 261). This is true, but the individual defendant here (Delinsky) may easily be distinguished from the broker in the *Wittenberg* case. Here Delinsky was not acting as a broker but as an officer of the corporate seller — its treasurer. It is not alleged that he received any broker's commissions. He had full and actual authority to act for the corporation. He negotiated the contract of sale and was one of the signatories to it. Moreover, the disclaimer clause specifically provides that the purchaser '' does not rely upon any statements or representations or information *by whomsoever made,* except as they are set forth in this agreement.'' (Emphasis supplied.)

For the reason stated, this action cannot stand against either defendant. The motion is in all respects granted, the complaint dismissed, judgment directed in favor of both defendants. Settle order.