Henry Tasker, J.
The issues of law and fact in this action for damages by plaintiffs purchasers against defendants vendors for fraud and deceit were tried before the court without a jury.
Plaintiff Terrence S. Taylor asserts that prior to the execution of the agreement of sale on August 7, 1961, he and his wife inspected the dwelling of defendants accompanied by a representative of Ark Associates, Inc., a real estate broker. On that date, inquiry was said to have been made of defendants concerning the existence of termites on the premises, and defend *956 ants are alleged to have stated that there were no termites on the premises and no termite work had been done.
Thereafter, and on August 17, 1961, a contract of sale containing the clause hereinafter referred to, was prepared and signed by plaintiffs purchasers and defendants sellers.
On September 14, 1961, and again on October 18, 1961, plaintiff and his wife visited and inspected the premises which were then occupied by defendants as their dwelling. On each of these occasions, plaintiffs were afforded an opportunity to and apparently did make a complete examination of the premises. Defendants allegedly reiterated their statements concerning the absence of termites, and the defendant wife is alleged to have called plaintiff to advise him that a termite inspection had been made in October of 1961.
The allegations of the plaintiffs concerning defendants’ representation as to the absence of termites are vehemently denied by defendants.
Title to the premises closed uneventfully following FHA inspections for mortgage purposes and plaintiffs moved in on or about January 19, 1962.
On April 2, 1962, termites were discovered by plaintiff. An exterminator was called who inspected the premises, verified the existence of termites, and subsequently took the necessary steps to eliminate the infestations found to exist under the porch, behind the meter board and in certain portions of the sills.
Plaintiffs thereupon brought this action for damages to recover the moneys expended for termite treatment and for necessary repairs to the premises, caused by termite damage. No repairs to the premises had been made, as of the date of the trial.
Prior to disposition of the fact questions presented, the aErmative defense of estoppel raised by the contract provisions hereinafter set forth must be considered.
The contract of sale, New York Board of Title Underwriters, Form 8041, plaintiffs’ Exhibit No. 1, in addition to the usual printed ‘ ‘ merger ’ ’ clause stating that all agreements are merged, that neither party is relying on statements or representations made by the other, and that the purchaser has inspected the buildings and is acquainted with their condition, contains the following clause: “ It is expressly understood and agreed by and between the parties hereto that the premises are being sold in their present condition and state of repair and without any representations, statements, or warranties, express or implied, with respect to their condition. ’ ’
*957 A general merger clause in a contract is ineffective to exclude parol evidence of fraud in the inducement of a contract; and does not constitute a waiver of possible claims with respect to fraudulent representations (Bridger v. Goldsmith, 143 N. Y. 424; Sabo v. Delman, 3 N Y 2d 155; Danann Realty Corp. v. Harris, 5 N Y 2d 317). Similarly, a provision that purchaser has inspected the premises and is purchasing the same “ as is ” will not preclude proof of fraudulent representations, nor will it bar rescission or recovery of damages by the defrauded party (Benitez v. Martinez, 1 A D 2d 959; Rizzi v. Sussman, 9 A D 2d 961).
. However, where a contract contains a specific disclaimer of responsibility for extraneous representations, as distinguished from a general disclaimer, the rule is different. 0Vhere a party specifically states that he is not relying upon any representations as to a specific matter, he is estopped from claiming fraud on the ground of a misrepresentation as to that specific matter (Danann Realty Corp. v. Harris, supra; Wittenberg v. Robinov, 9 N Y 2d 261; Shohet v. Oakwood Operating Corp., 31 Misc 2d 828). In effect, the specific disclaimer negatives any claimed reliance on the alleged oral misrepresentation. A contracting party may not aver reliance on representations with respect to specific subject matter where he, in the plainest possible language, states that no such representations were ever madaj/ (Vesey Associates v. Regime Realty Corp., 35 Misc 2d 353).
In the matter at bar, the clause above quoted, in effect more specific with respect to physical condition and state of repair of the subject premises than the clauses construed in Danann Realty Corp. v. Harris (supra) and Wittenberg v. Robinov (supra) mandates a holding that plaintiffs are estopped to claim reliance on defendants’ alleged statements with respect to termites.
Similarly germane to the questions presented is that line of cases which holds that, unless the subject matter of the alleged representations are solely within the knowledge of the party making them and not discoverable by the exercise of ordinary intelligence and reasonable inquiry or investigation by the other party, if the defrauded party has not made use of the means available to discover the truth, he may not be heard to complain of misrepresentations which induced his entry into the transaction (Danann Realty Corp. v. Harris, supra; Sylvester v. Bernstein, 283 App. Div. 333, affd. 307 N. Y. 778; Irvlor Realty Corp. v. 62-114 Imlay St. Corp., 151 N. Y. S. 2d 191, affd. 7 A D 2d 645; Jerrose Mgt. Corp. v. Garnett, 33 Misc 2d 307). A question of fact is then presented as to whether the *958 existence of termites in defendants’ dwelling were or should have been discoverable by plaintiffs by the exercise of reasonable diligence during the inspections which plaintiff Terrence Taylor made of the house. This is but another way of inquiring whether plaintiffs were entitled to rely on the alleged false representation.
In an action for fraud and deceit, plaintiff must prove that defendant made a representation with respect to a material fact; the falsity of the representation to defendant’s knowledge ; intent to deceive and justifiable reliance on the misrepresentation (Sabo v. Delman, 3 N Y 2d 155, supra). “-i?There is no dispute that the alleged representations, if made, 'were in fact false, that a termite condition existed, and that plaintiffs sustained damage thereby. There is, however, a dispute as to the sellers’ knowledge of the existence of this condition. Turning to the disputed questions of fact, the sole evidence from which knowledge of an existing termite condition could be inferred was the testimony of defendants, in their respective examinations before trial, that they had seen a large number of black ants on and under the front stoop of the house in 1951. They promptly sprayed the area in question, and testified that there had been no recurrence since 1951. Plaintiffs’ termite expert testified that when he examined the house in April of 1962, he found evidence of termite infestation; that his judgment, the infestation was of no greater age than three to five years. Under those circumstances, the 1951 occurrence will not support a finding that defendants had knowledge of the existence of termites in their dwelling in 1957 through 1959, or at the time of the execution of the contract of sale. Want of knowledge of the falsity of the fact allegedly misrepresented also bears on the issue of intent to deceive (see Taub v. Sylvan Farms, 269 App. Div. 860).
As probative of an alleged intent to deceive on defendants’ part, plaintiffs offered testimony and exhibits (plaintiffs’ Exhibits Nos. 4 and 5) indicating that a beam or beams discovered to have been affected by termites were covered with sheet metal to conceal the condition. Defendant Charles Heisinger, in his examination before trial, testified that the metal covering in question was a return heating duct from the living room to the furnace and had been installed by the builder in 1947. Although there was no other evidence with respect thereto, the court will take judicial notice that the use of floor beams as a cold air return is a common practice in the construction of dwellings. Defendants’ explanation of the reason for the metal covering is not per se incredible, and is supported by photographs offered by plaintiffs (plaintiffs’ *959 Exhibits Nos. 4 and 5). Accordingly, the evidence with respect to the metal covering may not be said to compel an inference of concealment or of intent to deceive (Cowles v. Board of Regents, 266 App. Div. 629, affd. 292 N. Y. 650).
With respect to the elements of knowledge and intent to deceive, the court has not overlooked that line of authority which holds that actual knowledge of falsity is unnecessary where the maker negligently and without knowledge of its truth or falsity recklessly makes the statement relied upon (Ultramares Corp. v. Touche, 255 N. Y. 170). But that is not the case at bar. Here, defendants allegedly stated that the house was free from termites. If their testimony is to be believed, and it is uncontradicted, the house was termite free to their knowledge and they genuinely believed this to be the fact. There is no such proof of negligence or recklessness or knowledge or lack of knowledge as to the existence of termites as would warrant a finding of knowledge of falsity or intent to deceive implied by law.
With respect to the making of the alleged representations, there is a flat contradiction in the testimony of plaintiffs and the defendants. Neither party called as a witness the real estate salesman who was present on August 7, 1961. Although no inference may be drawn from his absence, the court must consider this with respect to the weight of the evidence and plaintiffs’ burden of proof. Upon all of the testimony, the court finds that the alleged representations made August 7, 1961 were never in fact made by either defendant. With respect to those statements, allegedly made on September 14 and October 10, 1961, since they were subsequent to the contract, they would not be relevant on the question of fraud in the inducement of the contract of August 17,1961. If made, they would be admissible as bearing on the issues of scienter, intent to deceive, and to induce plaintiffs not to take steps to discover the condition (Taub v. Sylvan Farms, 269 App. Div. 860, supra). In view of the court’s findings, they need not be considered.
In summary, the court finds, upon this record, that plaintiffs must be held as a matter of law to be estopped to claim reliance on defendants’ alleged representations; that no affirmative representations with respect to the existence of termites were in fact made; that defendants had no demonstrated nor inferable knowledge of the condition complained of; that no intent to deceive has been shown. Accordingly, defendants are entitled to judgment dismissing the complaint, with costs and disbursements.
All motions upon which the court reserved decision, which are not herein disposed of, are denied.