Jack Stanislaw, J.
On March 15, 1963, an agreement was signed by these parties providing for plaintiff’s purchase of defendants’ real property. A $40,000 down payment was received by defendants on a total price in excess of $500,000. Plaintiff has now brought this action to rescind the agreement based upon defendants’ allegedly fraudulent misrepresentation that they knew of no contemplated zoning change nor Town Board meeting held to discuss any proposed change of zone with respect to this property. The complaint further alleges that proposals for a change were heard at a public session in December, 1962, and that a resolution was adopted in May, 1963 effectuating a change of zone as to a substantial part of the property herein. The change, of course, was detrimental to plaintiff’s plans for this realty. Plaintiff Arrowood sues to rescind the contract and have its down payment returned.
A copy of the contract attached to the complaint indicates that the premises were “ to be conveyed subject to: 1. Zoning regulations and ordinances of the city, town or village in which the premises lie which are not violated by existing structures ’ ’. The following clause is also part of the agreement: “ It is
understood and agreed that all understandings and agreements heretofore had between the parties hereto are merged in this contract, which alone fully and completely expresses their agreement, and that the same is entered into after full investigation, neither party relying upon any statement or representation, not embodied in this contract, made by the other ”.
On defendants’ motion to dismiss the complaint, pursuant to rule 106 of the Rules of Civil Practice, the truth of material facts and the reasonable inferences flowing therefrom as contained in *528 the complaint must be assumed broadly and liberally. The necessary elements of a cause of action for fraudulent misrepresentation have been spelled out — a representation made, falsely, with defendants’ knowledge of its falsity intending to mislead and deceive, and injury resulting therefrom.
However, circumstances exist in certain factual situations where, regardless of the presence of the elements noted above, no cause of action is made out due either to the subject matter of the stated misrepresentation itself, or an estoppel existing as against the party complaining. For instance, a matter of public record has been repeatedly held not to be available as the subject matter upon which an action of this nature can be founded. Grenlac Holding Corp. v. Kahn (106 N. Y. S. 2d 83, 85, affd. 279 App. Div. 989, mot. for lv. to app. den. 279 App. Div. 1064) held: ‘ ‘ the matter of the pendency of the rezoning application was a matter that was one of public record and as much ascertainable upon making investigation, to the seller, as it was to the buyer ”; Irvlor Realty Corp. v. 62-114 Imlay St. Corp. (151 N. Y. S. 2d 191, 196, affd. 7 A D 2d 645) where, concerning a matter of public record, 1 ‘ It is apparent that there is no cause of action for fraud where the facts represented are not matters peculiarly within the party’s knowledge and that the other party * * * paq the means available to them of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the alleged misrepresentations, and therefore must make use of those means.”; Hamilton Park Bldrs. Corp. v. Rogers (4 Misc 2d 269, 273) held: “ A purchaser is chargeable with notice by implication of every fact affecting the title which would be discovered by an intelligent and reasonable examination of the public records. * * * Therefore no action for fraud may be based upon the misrepresentations alleged in the complaint.” (Sylvester v. Bernstein, 283 App. Div. 333, affd. 307 N. Y. 778.)
The complainants in these (and other) cases were held chargeable with matters of public record, thereby eliminating the required element of reliance. Although an 1 ‘ easy mark has not yet been heard to justify garroting ” (Blumenfeld v. Stine, 42 Misc. 411, 414, affd. 96 App. Div. 160), neither may the “ easy mark ” assist his ultimate cause of action by closing his eyes to that which he would see were they open. In alleging reliance plaintiff cannot ignore the practical principle which requires him to be less than a dupe in the first place. Even considering representations about nonpublic matters, where reasonable inquiry could reveal falsity a plaintiff may not later complain that he was previously lazy, unconcerned, or numbed with trust. (Rosen *529 schein v. McNally, 17 A D 2d 834; Albert v. Title Guar. & Trust Co., 277 N. Y. 421.) Accepting the fact of a palpably false statement, the presence of a method prima facie or only reasonably available for obtaining information will act to negate claimed reliance on such statement. (Jerrose Mgt. Corp. v. Garnett, 33 Misc 2d 307; Vesey Assoc. v. Regime Realty Corp., 35 Misc 2d 353.)
This approach represents a doctrine of what seems to be an implied estoppel in these eases, based upon a complainant’s failure to protect himseslf (caveat emptor) within certain limits. Parallel to this attitude is another more nearly predicated on actual estoppel. To illustrate, the New York Court of Appeals has held that the presence of a merger clause (that a writing embodies the entire agreement) operates to destroy any allegation of reliance claimer, as to representations specifically included in that clause (Danann Realty Corp. v. Harris, 5 N Y 2d 317). The court later explained that the disclaimer negates reliance or, another way, precludes the existence of the representation completely. There would be no reliance without something on which to rely (Wittenberg v. Robinov, 9 N Y 2d 261). (See, also, Vesey Assoc. v. Regime Realty Corp., 35 Misc 2d 353, supra.)
Mr. Justice Tasker of this court, on July 17, 1963, reaffirmed the foregoing in his considered opinion in the case of Taylor v. Heisinger (39 Misc 2d 955, 958). The issue there was “ whether plaintiffs were entitled to rely on the alleged false representation.” That same question is before the court now.
The plaintiff here is estopped from asserting the necessary element of reliance in his complaint both impliedly by reason of the public records to which it had access, and actually upon a reading of the contract (quoted above) which results in a specific disclaimer of the subject matter of the purported fraud. No cause of action is stated, and the motion of defendants pursuant to rule’ 106 of the Buies of Civil Practice is granted, without costs.