ALOYSIUS E. VAN CLEAVE, Appellant, *v.* GEORGE A. REEDER and Others, Copartners Doing Business under the Firm Name and Style of REEDER & COMPANY, Respondents.

First Department, April 6, 1923.

Contracts — action for breach of contract to buy corporate stock for plaintiff — plaintiff entitled to interest on amount recovered from date when contract should have been performed.

In an action against stockbrokers to recover damages for breach of an agreement to buy and deliver to the plaintiff certain corporate stock, the plaintiff is entitled to recover interest on the amount allowed as damages from the date when the stock should have been delivered to him, since the amount of damages to which plaintiff was entitled was a sum determinable by the defendants by computation in connection with established market values accessible to them.

APPEAL by the plaintiff, Aloysius E. Van Cleave, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 15th day of November, 1922, upon the verdict of a jury, in so far as said judgment fails to allow interest to the plaintiff.

*Cullom & Rinke* [*Neil P. Cullom* of counsel] for the appellant.

*Hyman Turchin,* for the respondents.

DOWLING, J.:

This action was brought by plaintiff, a customer of defendants, who are stockbrokers, for breach of an agreement made by them to buy for his account and deliver to him certain stock, upon demand. The trial court instructed the jury that if they found for the plaintiff they should render a verdict for the difference between the contract price of said stock and the market price thereof, on the date when delivery should have been made.

The jury found that defendants had improperly refused to make delivery of said stock and fixed the market price on the date when delivery should have been made, viz., April 7, 1920, at fifty-three dollars per share. The jury arrived at this figure by reference

to expert testimony, and also certain " report of sales " of the New York Curb Market, which were introduced in evidence. This evidence showed that the market value on the day in question was between fifty-three and fifty-four dollars per share.

Plaintiff attempted to prove interest on his claim, but this offer was excluded over exception; and plaintiff requested the court to charge that if the jury found for plaintiff, they might add interest to the sum found, at the rate of six per cent per annum. This request was refused and proper exception taken.

This appeal presents the sole question whether plaintiff was entitled to receive interest upon the amount of his recovery.

In *Dana* v. *Fiedler* (12 N. Y. 40), which was an action by the buyer against the seller for damages for failure to deliver 150 casks of madder, the court held (at p. 51) that " the right to interest, in actions upon contract, depends not upon discretion, but upon legal right, and in actions like the present is as much a part of the indemnity to which the party is entitled as the difference between the market value and the contract price."

In *Faber* v. *City of New York* (222 N. Y. 255) the court said (at p. 262): " The question of the allowance of interest on unliquidated damages has been a difficult one. The rule on this subject has been in evolution. To-day, however, it may be said that if a claim for damages represents a pecuniary loss, which may be ascertained with reasonable certainty as of a fixed day, then interest is allowed from that day. The test is not whether the demand is liquidated. Was the plaintiff entitled to a certain sum? Should the defendant have paid it? Could the latter have determined what was due, either by computations alone or by computation in connection with established market values or other generally recognized standards? (*Van Rensselaer* v. *Jewett*, 2 N. Y. 135; *McMahon* v. *N. Y. & Erie R. R. Co.*, 20 N. Y. 463; *Gray* v. *Central R. R. Co. of N. J.*, 157 N. Y. 483.) "

In the present case the amount of damages to which plaintiff was entitled was a sum determinable by defendants by computation in connection with established market values, accessible to them, as well as to the general public in published reports of sales, and, therefore, interest is properly allowable to plaintiff upon his recovery.

The judgment should be modified by adding to the recovery of $2,500, interest thereon at six per cent from April 7, 1920, and as so modified affirmed, with costs to appellant.

CLARKE, P. J., PAGE, MERRELL and FINCH, JJ., concur.

Judgment modified as stated in opinion and as so modified affirmed, with costs to appellant.