ERIE RAILROAD COMPANY, Respondent, *v.* INTERNATIONAL RAILWAY COMPANY, Appellant.

Fourth Department, May 21, 1924.

Railroads — action to recover expense incurred by plaintiff under lease of section of its tracks to defendant — lease obligated defendant to assume all duties of plaintiff imposed by law and pay certain part of cost of eliminating grade crossings — leased tracks ended at margin of street — findings in proceedings to determine damages for elimination of grade crossing at said street that said crossing was within lease not res judicata — lease did not require defendant to pay expense of crossing at end of leased tracks — expense of preparing crossing for use of parties after elimination of grade properly charged to defendant — interest allowed on amounts expended.

The plaintiff leased the use of a certain portion of its tracks in the city of Buffalo to the defendant's assignor under an agreement that the defendant's assignor would assume all of the duties imposed by law upon the plaintiff with respect

to said leased tracks, and that the defendant's assignor would pay one-half of the cost of maintenance and protection by flagmen, gates or otherwise of highway crossings and in case of substitution of overhead crossings or under crossings defendant's assignor would pay the cost and expense of that portion of the structure carrying the highway over or under the railroad tracks and one-half the cost for approaches. The section of the tracks leased terminated at the margin of Main street at which point the defendant's tracks passed into Main street, but not across it and the plaintiff's tracks went across the street at grade.

The question whether or not the defendant is liable under the contract for the cost of eliminating the grade crossing at Main street was not determined so as to be binding upon the plaintiff by findings in the special proceeding to determine the damages to property owners caused by the elimination of that crossing in which the defendant was made a party and in which the plaintiff appeared and set up the lease in question, though the court in denying damages to the defendant in that proceeding stated in a conclusion of law that the Main street crossing came within the provisions of the lease. The question actually decided in that proceeding was that the defendant was not entitled to recover compensation for damages sustained as a property owner, and the question whether or not that crossing was within the terms of the lease was not required to be decided in that proceeding.

In view of the practical construction of the lease in reference to the Main street crossing and the terms of the lease itself, the defendant is not liable to share in the total expense of eliminating the grade crossing at that street.

But the defendant is chargeable with certain items of expense incurred by the plaintiff at the Main street crossing for the purpose of making the connection between the tracks of the parties available for use by both parties and for an interchange of traffic, and the plaintiff is entitled to recover those items of expense plus interest.

APPEAL by the defendant, International Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on or about the 16th day of January, 1923, upon the decision of the court rendered after a trial at the Erie Special Term.

*Penney, Killeen & Nye* [*James C. Sweeney* of counsel], for the appellant.

*Moot, Sprague, Brownell & Marcy* [*William L. Marcy* and *Helen Z. M. Rodgers* of counsel], for the respondent.

DAVIS, J.:

A contract made in 1898 and 1899 between plaintiff and parties to whose interests defendant has succeeded provided for the lease of a part of plaintiff's right of way between the northerly line of Sweeney street, North Tonawanda, and Main street, Buffalo, and for an interchange of traffic between the parties.

Among other things the defendant agreed in said contract to perform certain obligations including " all of the duties and obligations now or hereafter imposed by law or lawful authority upon

the Erie Company with respect to said leased section, and particularly with respect to the operation and maintenance thereof." Another provision of the contract is as follows: " It will pay one-half of all costs and expenses of or incurred by the Erie Company for or on account of the maintenance and protection by flagmen, gates, or otherwise, of any and all highway and railroad crossings of the railroad of the Erie Railroad Company and the leased section, or of the trackage section extension, between the northerly line of Sweeney Street, North Tonawanda, and Main Street, Buffalo, whether now or hereafter constructed; and in case of the substitution of overhead crossings or under crossings for highway crossings at grade upon said leased section, or trackage section extension, the Lockport Company will pay the cost and expense of that portion of the structure carrying the highway over or under the leased section, or trackage section extension, and in addition thereto, one-half of all costs or expenses of or incurred by the Erie Company for the approaches to such over or under crossings, and for land and consequential damages."

The leased section ended at the westerly boundary of Main street in Buffalo. Thence the defendant's tracks passed into Main street, but not across it, and the railroad was operated under franchise from the city. The plaintiff's tracks went across Main street at grade at this point. In 1912 it was proposed to eliminate the crossing at grade on Main street by making an under crossing. It was undertaken under certain special legislation, whereby the city and the plaintiff agreed upon the proportion of the expenses to be paid by each. The defendant by some separate agreement paid fifteen per cent of the expense borne by the city.

The work of elimination was expensive. The plaintiff claims that defendant is liable under the contract between them to share in the amount plaintiff was called upon to pay to the extent of paying for all of the work on the leased section and one-half of all other expenditures for approaches, engineering fees, land damage and counsel fees, except the particular expense of carrying the Erie tracks on a structure over the street. The defendant denies any obligation other than a small item for grading the leased section to bring its tracks into Main street.

The principal claim of plaintiff is that the question is *res judicata* and on this theory it succeeded on the trial. In a special proceeding to determine the damages of property owners caused by the elimination of the crossing, defendant was made a party to the proceeding. Plaintiff appeared therein and set up the provisions of this contract claiming that defendant was not entitled to recover damages because it was liable to contribute under its contract.

An order granted April 13, 1915, at Special Term denied defendant's claim for damages and the commissioners were directed to refrain from any consideration of said claim. Findings were made in that proceeding and the " fifth " conclusion of law was as follows: " That the agreement of September 1st, 1899, between the Buffalo and Lockport Railway and Erie Railroad Company provides for the subsequent substitution of an overhead crossing or under crossings for the highway crossings at grade upon said leased section; the grade crossing at Main Street comes within the provisions and intent of said contract and the International Railway Company is liable to contribute and pay to the Erie Railroad Company a part of the expense of such grade elimination and may not by reason thereof recover in this proceeding any damages to the said premises occupied by it under said lease-agreement and described in the petition as Parcel No. 5, because of the carrying out of the improvement described in the petition herein." The order was affirmed in this court without opinion (*Matter of Grade Crossing Commissioners,* 173 App. Div. 920) and thereafter without opinion affirmed in the Court of Appeals (220 N. Y. 682).

The plaintiff urges here as it urged successfully below that the 5th conclusion of law quoted indicates that the identical question here involved was before the court at that time and decided. It calls our attention to the fact that defendant anticipated a claim would be made by plaintiff against it under the contract and argued both in this court and in the Court of Appeals the consequences of an affirmance.

A judgment or final order is henceforth conclusive upon the parties as to the issues decided. A court will not re-examine a question once decided, even though it might reach a different conclusion when presented in another litigation between the parties. (*Dyett* v. *Hyman,* 129 N. Y. 351; *Livingston* v. *Livingston,* 56 App. Div. 484; affd., 166 N. Y. 601; 23 Cyc. 1239.) But the parties are concluded or estopped thereby only as to the facts or law material to the issue and directly involved in the litigation (*Woodgate* v. *Fleet,* 44 N. Y. 1); and are not bound by any matter which came collaterally in question, though within the jurisdiction, or any matter incidentally cognizable or any matter to be inferred by argument from the judgment. (*Stokes* v. *Foote,* 172 N. Y. 327, 342; 23 Cyc. 1288.)

The question actually decided was that defendant was not entitled to recover compensation for damages sustained as a property owner. We think the defendant was not bound further than that in that decision. It is clear that the decision was reached because there was some liability of the defendant to contribute to the

expense. The extent of that liability was never determined nor was the contract fully interpreted in the former proceeding. The language in conclusion No. 5, heretofore quoted, does not purport to determine whether defendant shall pay one-half the expense of both approaches and its liability on the other items or whether its contribution is limited to the expense of bringing its tracks down into Main street.

The legal conclusions reached by a court in making a decision, even in an opinion, are not necessarily adopted and approved on appeal where the decision is affirmed without opinion. Only the right of the party to recover is decided and the court is responsible only for that, not for the reasons given nor opinions theretofore expressed. (*Rogers* v. *Decker*, 131 N. Y. 490; *Cherrington* v. *Burchell*, 147 App. Div. 16; *Simpson* v. *New York Rubber Co.*, 80 Hun, 415, 418; 15 C. J. 942.) An affirmance may be based on a different theory or on different grounds or on any sufficient ground found in the evidence. (4 C. J. 662.)

Courts are required to pass on requests to find when submitted by either party. The statement must be in the form of distinct propositions of law or of fact, or both, separately stated and numbered. (Civ. Prac. Act, § 439; formerly Code Civ. Proc. § 1023.) These are made for the protection of the court and parties, and to make the case readily reviewable. (38 Cyc. 1953.) Findings of fact once decided in a matter of litigation between parties and affirmed, become conclusive. (Id. 1987.) If the facts warranted a judgment in parties' favor, erroneous conclusions of law are of little importance for an appellate court will ordinarily affirm without regard to erroneous or unnecessary conclusions of law. It is not strictly necessary that such conclusions of law be made in any particular form, a general conclusion that a party recover or have judgment being sufficient. (Id. 1978.) In *Colonial City T. Co.* v. *Kingston R. R. Co.* (154 N. Y. 493, 495) it is said: "A judicial opinion, like evidence, is only binding so far as it is relevant." No particular significance is attached to the fact that the parties argued on the former appeal that the 5th conclusion of law would be highly prejudicial to defendant in the future.

The question then is open for examination as to the extent of the liability of defendant under the contract. The intent and purpose of the parties were to provide that between the northerly line of Sweeney street, North Tonawanda, and Main street, Buffalo, wherever a grade crossing of the tracks of both companies should be eliminated, each party was to bear the entire expense of its own construction in carrying its tracks across or under the highway and to share equally in the further expense of constructing

approaches.   Ev:dently the purpose was the same as that in providing for the protection of highway crossings by a flagman or gates of which each was to pay one-half.   That was a protection to both parties if the highway crossed both tracks.   On Main street in Buffalo prior to the crossing elimination, plaintiff maintained a flagman at its own expense.   Defendant was not asked to contribute.   This fact seems significant as a practical construct:on of the agreement denoting that this crossing was not held in the same light as those in the territory where both railroads crossed highways.

It is claimed that defendant had no franchise to turn its tracks out from Main street upon the leased section and that it acquired this right by virtue of the contract with the Erie whose right of way crossed Main street.   There seems to be no force in this contention.   The relations of defendant with plaintiff ended at the terminus of the leased section.   Whether its right to carry its tracks to connect with the Main street tracks arose under its general franchise or was acquired by acquiescence on the part of the municipal authorities, or whether the tracks as laid const tute a trespass as against the city, is of no consequence here.   Whatever right defendant had to use the street was derived from the city and State.   The only advantage defendant gained by the elimination of the grade crossing was that common to the people who had occasion to use the street, to wit, the elimination of risks and delays in crossing a steam railroad track at grade.   We reach the conclusion that under the contract, defendant was not liable to share in the total expense of this work.

There are items of expense, however, properly chargeable to defendant.   The contract obligated it to perform the duties and obligations then and thereafter imposed by law or lawful authority upon the Erie Company with respect to the leased section.   It was also to maintain and operate its tracks.   While the proposition of eliminating the crossing on Main street was not particularly contemplated in the contract, a broad and liberal interpretation of its terms and the implications arising therefrom, and the necessity of working in harmony under it, imposed obligations on both parties. They gave their own practical construction to it as we have seen in the question of maintaining a flagman at Main street.   A " team track " was constructed for defendant and used by it southerly of the leased section near Main street.   This was not within the terms of the written agreement but seems to have been an act of comity between the parties and a further practical construction of their obligations.

In constructing the approaches and making the elimination it

25

was necessary to bring down the tracks of defendant and adjacent lands to the new grade on Main street and in the meantime to provide temporary tracks for the use of defendant. A cement walk and a driveway were constructed leading toward plaintiff's freight station and defendant's passenger station and team track a short distance west of Main street and both parties have since had the use of such walk and driveway. All this was done at plaintiff's expense. Defendant acquiesced in the plan adopted and ratified it by use and acceptance of the benefits thereunder. It might say it had no choice but there is no evidence that it protested. Items of this nature will be allowed in new findings to be made by this court. We think also plaintiff is entitled to interest on the fixed and definite amounts expended in its behalf by plaintiff as we have found them. (*Blackwell* v. *Finlay,* 233 N. Y. 361; *Bradley* v. *McDonald,* 218 id. 351; *Van Cleave* v. *Reeder,* 204 App. Div. 826.)

Certain findings of fact and conclusions of law to be stated in the order should be disapproved and reversed and new findings made and the judgment should be modified to conform to such new findings and as so modified affirmed, without costs.

All concur.

Judgment modified in accordance with opinion, so as to reduce the damages to the sum of $2,888.24, with interest, and as so modified affirmed, without costs of this appeal to either party. The 10th finding of fact is disapproved in part, and certain new findings of fact and conclusions of law are made.