MARY T. GOETZ, Respondent, *v.* EDWARD H. GOETZ, Appellant.

Fourth Department, May 19, 1926.

**Husband and wife — separation — evidence supports findings of abandonment and cruel and inhuman treatment — alimony — defendant is worth approximately $380,000 — alimony of $12,000 per year reduced to $8,000 commencing at date of judgment — allowance of back alimony at rate of permanent alimony was improper.**

In an action by a wife for separation from her husband, the evidence establishes that the defendant abandoned the plaintiff and that he was guilty of cruel and inhuman conduct.

Since it appears that the defendant is worth approximately $380,000, the award of $12,000 per year alimony is excessive and that award is reduced to $8,000 a year, commencing at the date of the judgment.

The action of the trial court in allowing back alimony at the rate of permanent alimony was error.

APPEAL by the defendant, Edward H. Goetz, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 14th day of August, 1925, upon the decision of the court rendered after a trial at the Erie Trial Term before the court without a jury.

*Lewis & Carroll* [*William C. Carroll* of counsel], for the appellant.

*George J. Cochrane* [*Godfrey M. Frohe* of counsel], for the respondent.

PER CURIAM. The plaintiff has judgment for separation with directions that she be paid for her support by defendant the sum of $12,000 per year, payable in monthly installments of $1,000. Defendant is also required to make payments from the time of the commencement of the action at the same annual rate, deducting therefrom the amount paid by him as temporary alimony pursuant to an order of the court. The defendant appeals, contending that the judgment of separation is not justified by the evidence, and that the allowance made is excessive and unjust.

We have examined the record carefully and reach the conclusion that the trial court who saw and heard the witnesses was warranted in finding as he did that the defendant abandoned the plaintiff, and that defendant had treated plaintiff in a cruel and inhuman manner within the legal conception of those terms. The judgment is based on those grounds, and does not mention failure to provide.

The judgment in that respect might be affirmed without opinion; and if so affirmed, this court would not be deemed to have adopted or approved all that was said in the opinion of the court below. (*Erie R. R. Co.* v. *International R. Co.*, 209 App. Div. 380, 384, and cases cited; affd., 239 N. Y. 598.) We emphasize here the legal principle just stated for the reason that in discussing the facts, the language used therein was quite far from being judicial.

The same criticism may be made concerning the findings which are supposed to state briefly and clearly in legal language the ultimate facts found necessary to support the judgment. The findings made are unnecessarily prolix. Some of the facts found are not germane to the only two issues involved; and it is doubtful if some are supported by sufficient evidence. However, there was abundant evidence, which if it satisfied the mind of the trier of the fact, justified the principal findings of abandonment and cruel treatment. The defense on the question of abandonment interposed as a justification is not sound. (*Risk* v. *Risk*, 202 App. Div. 299; appeal dismissed, 236 N. Y. 661.)

The question of the proper sum to be allowed plaintiff presents

greater difficulties. The defendant concedes that his income from investments is $12,000 per year. We assume this means net income. His earnings appear to be negligible. The record is not entirely clear as to the present amount of his property or its possible earnings. His property has all come to him in recent years by inheritance. Sums aggregating about $70,000 have been paid him from the principal and it would seem have gone with his income for current expenses. We think a fair estimate of the principal sum remaining is $380,000. The gross income from that sum would naturally be from $15,000 to $20,000 per year if conservatively invested. There would, of course, be income taxes and other expense to be deducted. An allowance to the wife of $12,000 per year impresses us as excessive. So also does the allowance of back alimony aggregating now upwards of $34,000, accruing during a period in which the court on her application had granted an allowance of $75 per week.

We reach the conclusion that the plaintiff will be justly treated if defendant is required to pay her $8,000 per annum, payable monthly as provided in the judgment, the yearly term to begin at the date of the judgment.

The judgment should be modified in accordance with the opinion, and as will be more fully stated in the order to be entered; and as so modified affirmed, without costs.

Findings of fact Nos. 8, 9, 10, 11, that part of 13 referring to defendant's " reprehensible and improper conduct " and his " failure to provide adequately for the plaintiff's support and maintenance," 17 and 18 are disapproved and struck out. The second conclusion of law is modified by striking out the provisions for the payment of $12,000 per year and inserting therein $8,000 per year in accordance with the opinion.

Present — HUBBS, P. J., DAVIS, SEARS, CROUCH and TAYLOR, JJ. All concur.

Judgment modified by reducing the amount of alimony to $8,000 per year in accordance with the opinion, and as so modified, affirmed, without costs of this appeal to either party. Certain findings of fact disapproved and struck out and second conclusion of law modified.