EUNICE B. FAYE, Plaint'ff, *v.* JAMES J. FAYE, Defendant.

Supreme Court, New York County, February 8, 1928.

**Husband and wife — alimony — additional alimony in separation action (Civil Practice Act, § 1170) — increase is necessary — more than half of defendant's income may be awarded where said income is in no part result of his work.**

This proceeding was instituted under section 1170 of the Civil Practice Act for additional alimony in a separation action. Defendant's income since the original award was made has not improved but on the other hand the plaintiff's necessaries require an additional allowance of alimony properly to care for herself and infant daughter. Defendant's income is derived solely from investments and a trust fund and he does not produce any income whatsoever through his own efforts.

Under the circumstances, the mere fact that an additional allowance of alimony will mean that more than one-half of defendant's income will be taken to pay alimony should not be conclusive against the plaintiff. The award made by the referee of additional alimony to the amount of $900 is confirmed.

MOTION by plaintiff for confirmation of referee's report awarding plaintiff additional alimony in a proceeding under section 1170 of the Civil Practice Act.

*Louis P. Neustein,* for the plaintiff.

*Curtis, Mallet-Prevost, Colt & Mosle* [*Henry A. Uterhart* of counsel], for the defendant.

LEVY, J. The defendant objects to the confirmation of the referee's report awarding the plaintiff $900 additional alimony per annum for the support of herself and her child, now nine years old. The present alimony was fixed on April 3, 1924, by the decree of separation, granted to plaintiff by reason of defendant's abandonment. This proceeding was brought under section 1170 of the Civil Practice Act, the order of reference specifying an inquiry into the " financial means of the defendant and the increased needs, if any, of the plaintiff and her infant daughter." At the time of the decree, defendant was the owner of securities which he had inherited from his father, amounting to approximately $242,000. This fund, by reason of inroads upon the capital, has been reduced to something less than $225,000. In addition, he draws an income for life left to him by his aunt, amounting to $1,200 per annum, the trust fund from which the income is obtained being $33 000. It appears beyond question that defendant's financial means have not improved since the decree, and the sole matter to be considered is whether, in view of these circumstances, the referee was warranted in awarding the sum additional.

A careful analysis of the plaintiff's situation, without doubt, indicates that the increment is fully necessary. Even if the charge by the defendant that the wife manifests extravagance in the matter of clothes be accepted as true, there are still three items of necessaries which a just budget would require. These the present allowance does not provide: medical and dental expenses, the child's vacation needs, and repairs and replacement to furniture, all of which will exceed $900. Should this increase be directed notwithstanding the fact that the financial means of the defendant have not improved? In determining this, we may well begin with the principles stated in *Burr* v. *Burr* (7 Hill, 207, 211) and quite frequently referred to in more recent cases: " The general rule is, that the wife is entitled to a support corresponding to her rank and condition in life, and the *fortune of the husband*. The law has fixed no definite proportion of his estate to be allotted for permanent alimony, in case of separation; and the court must therefore *look to all the circumstances of the particular case, as no two are alike*, in order to award *what is fair and just* between the parties." (Italics mine.)

Defendant urges that alimony which already absorbs half of his income should not be increased. The contention may sound reasonable in the abstract, but when applied to the particular facts in this case, it wholly fails. He is possessed of large capital in comparatively liquid form, but he endeavors to secure a limit of the alimony allowance to but a moiety of the income derived. He does not engage in any gainful occupation although his position and his connections would clearly indicate that potentially he may earn a fair income by his efforts. Beyond interesting himself in a few unfortunate and improvident ventures, he appears to have done nothing. His ability from the viewpoint of his personal earnings, is certainly an element to be considered in determining the measure of alimony that he shall be required to pay. As Bishop expressed it in his work on Marriage, Divorce and Separation (Vol. 2 [1891], § 890): " The husband's faculties are his capabilities of maintaining a family, ordinarily consisting of his income from *whatever* source derived. But if he refuses to acquire income, the sum which he *might obtain by due exertion is also to be estimated as faculties.*" (Italics mine.) And this learned writer thus further indicates that *earning capacity*, even in the absence of actual employment, is an essential element: " Plainly the husband's ability is the measure of his duty; so that if he exerts himself, his actual earnings become faculties for alimony, or *if he will not exert himself, his capacity for earning must be estimated.*" (Id. § 892.) (Italics mine.)

Applying these principles to the case under consideration, it

Appellate Term, First Department, February, 1928. [Vol. 131

seems perfectly pertinent to inquire why the defendant does not engage in some useful occupation, and if he does not choose to do so, he must be satisfied if the court estimates the value of his *faculties*, causing a draft upon his very .capital. As is so aptly said in *Wetmore* v. *Wetmore* (149 N. Y. 520, 529): " Equity will not feed the husband and starve the wife. Neither will it favor the wife to the detriment of the husband." The latter's capital is comparatively substantial. A tax upon it to the extent of $900 per annum, for a period measured by his child's minority, cannot jeopardize his position, even if he see fit to continue without employment. If this capital were *fixed*, as economists term it, as distinguished from *liquid*, the situation might be different. Continued drains would indeed seriously impair it and ultimately probably destroy it. No such result can possibly ensue here from the added pittance granted. The case of *Goetz* v. *Goetz* (217 App. Div. 31) serves to illustrate the principle that the court will go beyond the state of facts represented by the husband's present income in order to determine his ability to pay. In that case there was no issue, but the wife was awarded $8,000 out of an income from investments of $12,000. The Appellate Division there took into consideration the fact that by prudent management the income might be augmented. But it may be assumed that it also considered the probable personal earning capacity of the husband, for the allowance consisted of considerably more than half his then income.

Considering all the circumstances, I am not at all persuaded by the objections of the defendant, nor are they well founded.

The motion to confirm the report of the referee will, therefore, be granted.

Settle order.