BRIDGET CARNEY, Appellant, *v*. JAMES P. MORRISON, Respondent.

First Department, March 30, 1928.

**Deeds — covenant against incumbrances — action for breach based upon alleged existence of inchoate right of dower of woman alleged to have been wife of defendant when deed was given — sufficiency of answer — defense of resale at higher price not good — defense that title was insured not good — defense of release by alleged wife to defendant of right of dower not good — counterclaim and defense that defendant was unfamiliar with price and that plaintiff purchased for less than value is not good.**

The plaintiff seeks to recover damages for breach of a covenant in a deed against incumbrances and bases her action on an allegation that the property was subject to the inchoate right of dower of a woman alleged to have been the wife of the defendant at the time the conveyance was executed and demands damages in the amount paid for the extinguishment and release to the plaintiff of such inchoate right of dower.

A defense is not good that the plaintiff resold the property at an increase over the amount she paid therefor.

The fact that a title company issued a policy of title insurance to the plaintiff insuring her against loss or damage does not constitute a defense in this action for even if she had recourse to a policy of insurance the insurer would be subrogated to her rights against the defendant who would still be liable.

Allegations that the defendant notified the plaintiff and the insurance company that the woman claiming an inchoate right of dower was not his wife and that her claim should not be recognized did not constitute a defense. Of course if the woman were not the wife of the defendant that would be a complete defense.

It is not a defense to this action that prior to the conveyance the defendant's alleged wife entered into an agreement with the defendant releasing any claim that she might have in and to the real estate owned by him, for a wife cannot effectively release her right of dower to her husband alone. The pleading does not justify the conclusion that the alleged agreement was in the nature of a power of attorney to the defendant giving him authority to release on behalf of his alleged wife her inchoate right of dower.

A counterclaim which is also alleged as a defense is not sufficient in law. The defendant alleges in the counterclaim that for many years prior to the conveyance he did not reside in New York city where the land is located; that he had been in ill health; that he was unfamiliar with the sale and reasonable market value of the premises; that it was impractical for him to use "diligence" in ascertaining the market value; that the plaintiff was well acquainted with the market value of the property but represented that it was much less than the purchase price, and that the plaintiff purchased the property for $5,000 less than it was actually worth.

The counterclaim was insufficient because the owner of property must rely upon his own opinion as to value and cannot complain, in the absence of fraudulent representations and where he does not have equal means of knowing the facts and is induced not to make inquiries by reason of such fraudulent representations.

APPEAL by the plaintiff from an order of the Supreme Court, entered in the office of the clerk of the county of Bronx on the 19th day of October, 1927.

*Ralph C. Taylor* of counsel [*Clarence B. Plantz* with him on the brief], for the appellant.

*Florence J. Sullivan,* for the respondent.

O'MALLEY, J. The complaint sets forth two causes of action. The first is for breach of a covenant in a deed wherein the defendant was grantor and the plaintiff grantee. The covenant was to the effect that the real property conveyed was free from incumbrances. The breach alleged is that the property was subject to an inchoate right of dower in a woman alleged to be the wife of the defendant at the time of the conveyance. Damages in the amount paid for the extinguishment and release to the plaintiff of such inchoate right are alleged. The second cause is predicated upon fraud based upon the alleged false representation by the defendant that he was a widower.

The answer is in effect a general denial and contains four separate defenses, the fourth of which is also pleaded as a counterclaim. No objection is raised to the first defense, the effect of which is that there never existed any valid marriage between the defendant and the woman in question, for the reason that the defendant had a legal wife living at the time of the alleged ceremonial marriage between him and such woman.

The defenses attacked are verbose, inartificially drawn, and we think insufficient. The second recites at the outset that the

plaintiff resold the property for an increase of $5,000. This, of course, is no defense. Plaintiff's profit would have been greater if she had not been compelled to pay for the extinguishment of the inchoate right of dower.

It is alleged further in this defense that a title company issued to plaintiff a policy insuring her against loss or damage, and that she did not sustain any damage by reason of the alleged defects set forth in the complaint, either under the terms of the policy or the terms of the deed received from the defendant. But the fact that the plaintiff may have a claim against a third party on a policy of insurance is, of course, no defense to this suit. Even if she had recourse to a policy, the title company would be subrogated to her rights against the defendant, who would still be liable.

This defense then concludes with allegations to the effect that the title company, acting on its own behalf and that of the plaintiff, brought to the defendant's attention the said claim of inchoate dower, whereupon the defendant notified the company that the claimant was not his wife, instructed it not to recognize the claim and offered to fully protect the title company and the plaintiff; that the defendant " duly performed all the duties arising out of said deed to said plaintiff   *   *   *, and that contrary to defendant's directions said plaintiff paid " the sum in question in extinguishment of the said inchoate right. This part of the defense is also no answer to the complaint. At best it is to the effect that with knowledge of defendant's *claim* that no inchoate right of dower existed in the woman claiming to be his wife, the plaintiff paid a consideration for the release of such right. This would be a defense only if the woman was *in fact not* the wife of the defendant at the time he gave the deed, and, therefore, had no inchoate right of dower. The allegations that the defendant duly performed upon his part and that the woman was not his wife, are fully covered by the defendant's denials and by the first defense, to which, as already noted, no objection has been taken. The second alleged defense is, therefore, clearly insufficient.

The third defense is to the effect " that *long* prior to the conveyance by defendant to plaintiff of the premises described in the amended complaint, and for valuable consideration," the defendant's putative wife " entered into an agreement with defendant which said defendant alleges on information and belief to be a legal release of any claim that she might have in and to the real estate owned by defendant which included the premises described in the amended complaint herein."

The defendant is entitled to every fair intendment, it is true, but the defense above outlined cannot be extended to more than

an allegation that the defendant, long prior to the giving of the deed in question, received from the putative wife an agreement founded on a good consideration releasing her claim to him. But a wife during coverture cannot release her dower to her husband alone. (*Elmendorf* v. *Lockwood,* 57 N. Y. 322; *Dworsky* v. *Arndt-stein,* 29 App. Div. 274.) The pleading is not sufficiently broad to justify by fair intendment the conclusion that the agreement on the part of the putative wife was not of the character mentioned. Had it partaken of the nature of a power of attorney to the defendant herein to release on behalf of his alleged wife her inchoate right of dower, it would have been sufficient (*Wronkow* v. *Oakley,* 133 N. Y. 505; *Platt* v. *Finck,* 60 App. Div. 312); or had it been an ante-nuptial agreement waiving dower, it might be availed of by the defendant. So, too, were the agreement one obligating the putative wife to release to a subsequent grantee and to execute further instruments in accordance therewith, and had the plaintiff purchased on the strength of such, a valid defense might perhaps have been pleaded. The defense, however, admitting of no other intendment than as above indicated, was clearly insufficient.

The counterclaim, also alleged as a fourth defense, is to the effect that for many years prior to the conveyance the defendant was a non-resident of New York city, where the property was located, and had been in ill health and incapacitated "from following his usual avocation and business." It alleges that during all this time he was unfamiliar with the fair and reasonable market value of the premises conveyed, and owing to ill health it was "impractical" for him to use diligence in ascertaining the fair market value of the property at the time he sold to the plaintiff; that on the other hand the plaintiff was a resident here for a long time prior to the date of conveyance and knew that the property was valuable and constantly increasing in value, and that it had a value of some $5,000 in excess of the purchase price; that with such knowledge and also with knowledge of defendant's ill health and lack of knowledge of market value, the plaintiff represented to the defendant that the property was worth less than the purchase price, and that in reliance thereon the defendant agreed to convey at the price received by him; that this was an unconscionable bargain and that the defendant should not suffer more than one-half of his loss, for which amount, $2,500, judgment is requested.

The general rule is that the parties in a case of this character must rely upon their own opinion of value, and any representations on the part of the other party with respect to value will ordinarily not give a right of action for misrepresentation. (*Van Slochem* v. *Villard,* 207 N. Y. 587.) It is true that if the representations

are fraudulently made of particulars in relation to which the party acting in reliance thereon " has not equal means of knowing," and where he is induced to forbear inquiries which otherwise would have been made, liability will follow. (*Simar* v. *Canaday*, 53 N. Y. 298.) The pleading here in question, however, does not come within the exception. There is nothing to show that the defendant, in the exercise of reasonable diligence, could not have acquainted himself with the true value. He alleges merely that it was impractical for him so to do. This is clearly insufficient.

It follows, therefore, that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, with leave to the defendant to plead anew with respect to the alleged agreement respecting the alleged inchoate right. of dower, if he be so advised, within ten days after service of a copy of the order entered hereon.

DOWLING, P. J., FINCH, McAVOY and MARTIN, JJ., concur.

Order reversed, with ten dollars costs and disbursements to appellant, and motion granted, with ten dollars costs, with leave to defendant, within ten days from service of order with notice of entry thereof and upon payment of said costs, to serve an amended answer with respect to the alleged agreement relating to the inchoate right of dower alleged in the complaint, if he be so advised.