LENA PECK, as Administratrix, etc., of MORRIS PECK, Deceased, Appellant, *v.* BENJAMIN J. WEIL and Another, Individually and as Executors, etc., of JONAS WEIL, Deceased, Respondents, Impleaded with SARAH DRACHMAN and Others, Defendants.

First Department, March 6, 1931.

*Herbert A. Canter* of counsel [*Canter & Pines*, attorneys], for the appellant.

*Benjamin C. Loder*, for the respondents.

O'MALLEY, J. The action seeks damages for the death of plaintiff's intestate, alleged to have been caused by the negligence of the defendants. Her complaint was dismissed at the close of her evidence upon the ground that there was presented no question of fact for submission to the jury.

Plaintiff's intestate was a window cleaner. His death was due to a fall from a window on the sixth floor of defendants' loft building. The evidence was sufficient to warrant a finding that he fell because an iron bar which extended across the outside of the window pulled out while he was using it as a means of temporary support preparatory to fastening his safety belt to staples provided for such purpose.

The evidence established that the bar in question was fastened approximately midway between the top and bottom of the window. It was installed primarily for use in fastening the metal window shutters when they were closed against the windows. For the reason that it was intended for such use and, as contended by defendants' counsel, no other, the learned trial justice adopted the view urged by the defendants, that plaintiff's intestate had no right to rely upon the bar for support in the performance of his duties.

We are of opinion that there was presented a question of fact upon the issue thus presented. Plaintiff's evidence tended to show that it was necessary for her intestate to go under the bar to a position outside the window in the course of his duties, and in so doing it was necessary for him either to hold on to the window frame or, in the event that a bar was placed in the position in which the bar in question was located, to use the latter to support

himself. Her evidence also tended to show that it was impossible for the deceased to fasten one end of the belt before stepping out on the window sill, especially on a window of the size in question. There was evidence of prior notice to the defendants of the looseness of the ends of the bar. One of its ends was fastened by small nails merely, and the other by small screws; and both the nails and screws were found to be in a rusty condition immediately after the accident.

In our view the defendants were chargeable with notice that under such circumstances, a window cleaner would be apt to hold on to the iron bar for support until he had fastened his safety belt to the building. The bar was so located that it might be said to constitute a trap for one in the performance of his duties as a window cleaner. It had the outward appearance of security and was in such a position and of such nature as to invite one to seize hold of it as a means of steadying himself on the ledge of the window while attaching his safety belt.

In the circumstances we are of opinion that it was for the jury to say whether defendants in the exercise of reasonable care were not bound to foresee that the accident that happened here might happen, and that there were clearly presented questions of fact as to the defendants' negligence, and of plaintiff's intestate's freedom from contributory negligence.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

McAvoy and Sherman, JJ., concur; Finch and Martin, JJ., dissent.

Martin, J. (dissenting). The judgment should be affirmed. The defendants furnished all of the equipment that was necessary or required for the performance of the work, including proper facilities for fastening the belt. The fact that defendant placed his weight against a bar that was not intended for that purpose and in that manner received his injury does not render the defendants liable. There was no negligence on the part of the defendants and there was contributory negligence on the part of the decedent.

Finch, J., concurs.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.