SARAH KOWALSKY, Administratrix, etc., of MEYER KOWALSKY, Deceased, Appellant, *v.* THE CONRECO COMPANY, INC., and Others, Respondents.

First Department, December 9, 1932.

*Max M. Hirson* of counsel [*Max L. Rothenberg* with him on the brief; *Hirson & Bertini*, attorneys], for the appellant.

*E. C. Sherwood* for the respondent, The Conreco Company, Inc.

*G. Everett Hunt* of counsel [*Bacon & Tippett*, attorneys], for the respondent Joseph Moreng.

*Frederick Mellor*, for the respondent Alexander John.

TOWNLEY, J. This action was brought by plaintiff, as administratrix of the estate of Meyer Kowalsky, deceased, to recover damages for the death of Kowalsky caused by the negligence of the defendants. The Conreco Company, Inc., was the owner of premises 16 West Third street in the city of New York, a loft building used for business purposes. A fire violation had been imposed upon the premises December 8, 1926, because of defective window shutters and the owner was directed to make repairs. Accordingly, it entered into a contract with the defendant Joseph Moreng to make the necessary repairs. Moreng thereafter made a similar subcontract with the defendant Alexander John. Under this agreement John promised to " repair and adjust all shutters of said Bldg. furnish all necessary catches, hooks, *cross bars*, hooks & eyes and Etc. * * * All above work to be done in a good workmanlike manner. * * *." (Italics our own.) The repairs were commenced on February 16, 1927, but were not completed until some time in June. Before they were completed tenants in the building complained to the owner that a number of windows had been broken by the iron workers. The owner thereupon notified Moreng. Moreng requested Alexander John to have the

windows repaired. Defendant John thereupon hired the Victory Glass Company to do the work and to install window panes where required.

The decedent was a glazier employed by Victory Glass Company. He was thirty-five years old and experienced in his work. On April 13, 1927, the day of the accident, he and a fellow-workman named Small were at the premises replacing the broken window panes as ordered. Across each window was a horizontal bar of considerable size and weight fastened to the casing and extending across the outside of the window. These bars were part of the fastenings of the shutters. The proper repair of them was directed by the order of the fire department and concededly was included in the contract and subcontract. Small and the decedent first cleaned and scraped the window frames and then put in the panes. To put in the panes, the glazier sat on the window ledge facing the inside of the building with his feet resting on the floor. The bar was only six inches from the window.

As far as the actual accident is concerned, Small was working at one window and saw the decedent approaching the easterly window of the southerly wall with a pane of glass. This window is identical with the others. Suddenly Small heard a "peculiar scraping noise." He turned his head and saw a body falling into the yard. He left his window to go over to the window at which the decedent had been working. He then saw the deceased's body lying in the yard. A pane of glass was standing alongside the window resting on the floor. Small examined the window and discovered that the iron bar and one of the screws holding it in place were missing. He also observed that the other screws remaining in the window frame were rusty and unpainted.

This evidence would have warranted the jury in finding that the missing bar had been neither repaired nor painted and was so corroded and unsecurely fastened as to be a source of danger to any one normally using it as the decedent necessarily did here. Because of the distance from the bar to the window, it was impossible not to lean against the bar while sitting on the sill. As was said by this court in *Peck* v. *Weil* (231 App. Div. 670): "The bar was so located that it might be said to constitute a trap for one in the performance of his duties * * *."

The liability of the owner The Conreco Company, Inc., to repair is statutory and such an obligation cannot be avoided by engaging others to do the work. (*Caspersen* v. *La Sala Bros.*, 253 N. Y. 491.) The obligation of the defendant Alexander John rests not only on general principles but specifically on the Employers' Liability Law, section 2, which obligated the defendant John to provide a safe

place in which the decedent should do his work. The liability of the defendant Moreng depends upon his contract undertaking to perform this work. " An independent contractor owes to the employees of other contractors working on the same structure the duty of exercising care in performing his work if it is of such a nature that it probably will be a source of danger to other employees while lawfully engaged in work on the structure." (*Harriman* v. *N. Y., C. & St. L. R. R. Co.*, 253 N. Y. 398.) The jury would have been warranted in finding that defendant Moreng had neglected his duties under the contract.

It was accordingly error to dismiss the complaint as against any of the three defendants.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

FINCH, P. J., MERRELL, MARTIN and SHERMAN, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.