PETER AHBOL, Respondent, v. HARDEN CONTRACTING Co., INC., Defendant, and LEHIGH CONSTRUCTION Co., INC., Appellant.— Judgment reversed on the law, with costs, and the complaint dismissed, with costs. In our opinion, the appellant is not liable for the negligence of the Harden Contracting Co., Inc., an independent contractor, over which the appellant had no control or supervision, except to see that the work was properly done. (*Moore* v. *Wills, Inc.*, 250 N. Y. 426.) Appeal from order dismissed. Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ., concur.

ANNA ALLEN, Respondent, and FRED S. ALLEN, Plaintiff, v. GUY L. VAUGHAN, Appellant.— Judgment affirmed, with costs. No opinion. Lazansky, P. J., Young, Carswell and Scudder, JJ., concur; Hagarty, J., dissents and votes for reversal and a new trial.

MAX BRENNER, Appellant, v. GEORGE M. SCHOEPLEIN, Respondent, and MARIE F. SCHOEPLEIN, Defendant.— Judgment reversed on the law and a new trial granted, costs to appellant to abide the event. The plaintiff, engaged by the defendants to repair a skylight on the roof of the defendants' property, was injured as the result of a fall caused by the breaking of a ladder which plaintiff was ascending while going to his place of work. It was stipulated that the ladder was maintained by the defendants as a means of passage to and from the different parts of the roof. There is proof that the ladder was defective. It was the duty of the defendant owners to see that the premises were reasonably safe for the performance of the work in which the plaintiff was engaged, and a question of fact was presented which should have been submitted to the jury. (*Alpert* v. *Day*, 241 App. Div. 604; *Peck* v. *Weil*, 231 id. 670; 235 id. 601; affd., 259 N. Y. 540; *Kowalsky* v. *Conreco Company, Inc.*, 237 App. Div. 23; *Strittmatter* v. *Trustees of Sailors Snug Harbor*, 230 id. 869; *Haefeli* v. *Woodrich Engineering Co.*, 255 N. Y. 442, 448.) It is also a question of fact whether in the natural course of performing the work it was necessary for the plaintiff to make use of this ladder or whether he should have selected another method of reaching the portion of the skylight he was seeking to repair at the time the accident occurred. Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ., concur.

JACOB BRODSKY, Respondent, v. BROWNSVILLE SAVINGS BANK, Appellant.— Order of Appellate Term affirming judgment of the Municipal Court unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ.