LILLIAN MILLER and Others, Respondents, *v.* HOME OWNERS' LOAN CORPORATION, Appellant, and HENRY WESSELS, Defendant.

Second Department, April 6, 1942.

*Jacob D. Menkes* [*Simon H. Trevas* and *Neal L. Thompson* with him on the brief], for the appellant.

*Edwin C. Morsch* [*Edwin B. Goddin* with him on the brief], for the respondents.

PER CURIAM. Defendant appeals from a judgment against it and in favor of the plaintiffs for damages for personal injuries and property damage in varying amounts, the action having been discontinued as to an individual defendant, an independent contractor, because of his bankruptcy.

The damages for which the judgment was awarded were caused by a gas explosion in a house of the defendant, which explosion was caused by the negligence of two employees of the independent contractor engaged by the defendant to recondition the house. The trial court improperly refused to dismiss the complaint on defendant's motion, and as authority relied upon *Hanley* v. *Central Savings Bank* (255 App. Div. 542; affd., 280 N. Y. 734). In that case it was held that the work of demolishing a building, through an independent contractor, was inherently dangerous and that the bank, as owner, was, therefore, liable; and it was also held that the bank was liable because it retained supervision of the work to see that it was done according to the specifications. In the latter respect, in our opinion, the holding was erroneous. (*Moore* v. *Wills, Inc.*, 250 N. Y. 426, 428; *Ahbol* v. *Harden Contracting Co., Inc.*, 241 App. Div. 764; affd., 265 N. Y. 564.) The affirmance of the *Hanley* case by the Court of Appeals did not make it an authority of that court as to all the grounds of decision stated by the Appellate Division. (*Adrico Realty Corp.* v. *City of New York*, 250 N. Y. 29, 44; *People ex rel. Palmer* v. *Travis*, 223 id. 150, 156; *Matter of Clark*, 275 id. 1, 4; *Erie Railroad Co.* v. *International Railway Co.*, 209 App. Div. 380, 384; *Scott & Co., Inc.*, v. *Scott*, 186 id. 518, 526.) Supervision of the work by the defendant in the case at bar did not render it liable for the negligence of the independent contractor; and there is no evidence to support the finding, implicit in the verdict of the jury, under a charge to which the defendant excepted, that defendant, in engaging the independent contractor to recondition the building, was negligent because such contractor was incompetent. (*Hawke* v. *Brown*, 28 App. Div. 37, 40.)

The judgment should be reversed on the law and the facts, with costs, and the complaint dismissed on the law, with costs.

LAZANSKY, P. J., HAGARTY, CARSWELL, ADEL and TAYLOR, JJ., concur.

Judgment reversed on the law and the facts, with costs, and the complaint dismissed on the law, with costs.