■ FRANK J. TODD et al., Respondents, v. PEARL WOODS, INC., et al., Appellants, et al., Defendant.— In an action by purchasers in a housing development in the Town of Orangetown, against the developers to recover, on the grounds of fraud and breach of contract, the amount of the sewer assessments levied by the town against the plaintiffs' several properties, the defendants (other than the defendant Title Company) appeal from an order of the Supreme Court, Rockland County, dated January 31, 1963, which denied their motion for summary judgment (former Rules Civ. Prac., rule 113). Order modified by striking out its decretal paragraph denying the motion; and by substituting therefor a paragraph: (a) granting the motion to the extent of directing judgment in favor of the defendants (other than the defendant Title Company), dismissing plaintiffs' second cause of action; and (b) denying the motion in all other respects. As so modified, the order is affirmed, without costs. The first cause of action is founded in fraud. It is alleged that the plaintiffs contracted to purchase their respective properties in reliance upon defendants' willfully false representations that there was a complete city sewer system installed and paid for in the development. From the motion papers it appears that the defendants paid for the installation of the sewer lines servicing the development, but paid nothing toward the capital construction costs of the sewer district. In our opinion, questions of fact are presented which preclude the granting of summary judgment on the first cause of action. However, one of defendants' contentions deserves further comment, i.e., that the plaintiffs were not entitled to rely on the representations that the sewers were paid for because the facts were ascertainable by inspection of the assessment rolls which are public records. Although the broader aspects of the law in this regard are by no means settled (cf. 24 N. Y. Jur., Fraud and Deceit, § 276 *et seq.*; 33 A. L. R. 853 *et seq.*), it is our opinion that where, as here alleged, the facts were peculiarly within the knowledge of the defendants and were willfully misrepresented, the failure of the plaintiffs to ascertain the truth by inspecting the public records is not fatal to their action (cf. *Mead* v. *Bunn*, 32 N. Y. 275; *Albert* v. *Title Guar. & Trust Co.*, 277 N. Y. 421; *Albany City Sav. Inst.* v. *Burdick*, 87 N. Y. 40, 49; *Schumaker* v. *Mather*, 133 N. Y. 590; *Carney* v. *Morrison*, 223 App. Div. 244, 248). Our affirmance in *Irvlor Realty Corp.* v. *62-114 Imlay St. Corp.* (7 A D 2d 645, affg. 151 N. Y. S. 2d 191) does not indicate that we agreed with the reasoning of the court below (cf. *Miller* v. *Home Owners' Loan Corp.*, 263 App. Div. 607). We also take cognizance of such decisions as *Greenlac Holding Corp.* v. *Kahn* (106 N. Y. S. 2d 83, affd. 279 App. Div. 989); *Hamilton Park Bldrs.* v. *Rogers* (4 Misc 2d 269); *Hill* v. *Wek Capital Corp.* (4 A D 2d 615) and *Arrowood Realty Corp.* v. *Sagliocca* (40 Misc 2d 527). Insofar as they are inconsistent herewith, we decline to follow them. Accordingly, as to the first cause of action, defendants' motion for summary judgment was properly denied. The second cause of action must be dismissed, however. The contracts of sale provided, *inter alia,* " that the acceptance and delivery of the deed of conveyance at the time of the closing of title hereunder, without specific written agreement which by its terms shall survive such closing of title, shall be deemed to constitute full compliance by the Seller with the

terms, covenants and conditions of this contract on its part to be performed" and that "none of the terms hereof except those specifically made to survive title closing shall survive such title closing." If it be assumed that the provision of the contract respecting payment by the seller of outstanding assessments on the property is applicable to the annual assessments here involved, said provision did not survive the delivery of the deed (*Tubb* v. *Rolling Ridge*, 28 Misc 2d 532; cf. *Schoonmaker* v. *Hoyt*, 148 N. Y. 425, 429–430; *Lambert* v. *Krum*, 121 Misc. 170, 180). Kleinfeld, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ.,