309 So.2d 629 (1975)
Perry R. MANSFIELD, Appellant,
v.
Josephine MANSFIELD, Appellee.
No. 74-1636.
District Court of Appeal of Florida, Third District.
March 25, 1975.
Seymour London, Miami, for appellant.
W. Thomas Spencer, Miami, for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
The question presented on this interlocutory appeal is whether the petitioner and former wife established a change of circumstances such as to entitle her to a modification of the amount of alimony. See Rogers v. Rogers, Fla.App. 1969, 229 So.2d 618; Tewksbury v. Tewksbury, Fla.App. 1965, 178 So.2d 346; Howell v. Howell, Fla.App. 1974, 301 So.2d 781. The alimony provided in the final judgment had been set by the court after final judgment in accordance with a provision for modification upon appellant-husband's retirement. Approximately a little over one year later, a petition to modify the order was filed by the wife. An order was entered after extensive hearings before the court.
*630 The husband argues that inasmuch as the wife showed no increased need and the husband was in fact of a lesser net worth at the time of the hearings on the petition that the court abused its discretion in increasing the wife's alimony $1,000 per year. The record before us reveals that the husband, although retired, took additional employment at which he earned some $10,000. In our view, this fact alone shows that the appellant had a greater earning capacity than that indicated at the time of his retirement. Appellant points out that the position was terminated by his resignation after one year and, therefore, should not be considered permanent. While the increase in earnings above that anticipated at the time of the entry of the order of modification after the husband retired may be temporary, it does indicate a change in circumstances to the extent that it shows the former husband had an ability to earn if he so desired. Under these circumstances, the small amount of increase is justified. See King v. King, Fla.App. 1973, 271 So.2d 159.
Affirmed.