377 So.2d 761 (1979)
Norman A. DESILETS, Appellant,
v.
Estelle I. DESILETS, Appellee.
No. 78-2282.
District Court of Appeal of Florida, Second District.
November 30, 1979.
*762 Howard B. Pearl, Citra, for appellant.
William A. Borja, Clearwater, for appellee.
DANAHY, Judge.
On the face of it, the ex-husband's argument on this appeal is persuasive; he contends that, since his only income is combined retirement pay of $485.60 per month, the trial judge erred in increasing the former wife's alimony to $300 per month. This court has disapproved the placing of financial requirements on a former husband which leave him with less than enough to live on.[1] There are factors in the case before us, however, which convince us that the alimony award in this instance should be affirmed.
The marriage of the parties, which lasted some thirty years, was dissolved in 1972. The final judgment required the husband to pay $50 per week alimony and $50 per week for support of the parties' minor daughter, or a total of approximately $430 per month. In 1975 an order was entered modifying these payments by reducing them to $100 per month for alimony and $100 per month for child support, or a total of $200 per month. In 1977 the husband began paying $250 per month, pursuant to an order requiring that an additional $50 per month be paid against an arrearage.
*763 In July 1978, the parties' daughter reached the age of 18 years and the husband's child support obligation terminated. Shortly thereafter the wife filed a petition requesting an increase in her alimony award. As grounds for modification, she cited an increase in her medical expenses, the severe erosion of her prior award caused by inflation, the increased expenses of the parties' daughter, who apparently was then attending college, and the added expenses of continually trying to find employment.
The husband countered the wife's petition with the assertion that his financial situation had deteriorated in the six years which had transpired since the final judgment was entered. In support of that proposition the husband alleged that he was in very poor physical health, that he was both unemployed and unemployable, and that his only income was $485.60 a month in combined retirement pay received from the United States Air Force and the State of Florida, which had shrunk considerably since 1972 because of inflation.
After hearing the testimony of the husband, the wife, and other witnesses, the trial judge entered the order from which the husband brings this appeal. That order increased the wife's alimony to $300 per month and required the husband to contribute the sum of $500 toward the wife's attorney's fees. Implicit in the order is the conclusion that the wife needs the increase in alimony and assistance in defraying her legal expenses, and the husband is able to pay. The husband challenges both findings, but the thrust of his argument is that the trial judge erred in finding that the husband has the capability of carrying the increased financial obligation placed upon him.
Our duty on this appeal is to determine from the record whether the conclusions of the trial judge are supported by competent evidence. It is not our function to re-evaluate the testimony presented to the trial judge or to substitute our judgment for his. Diaco v. Diaco, 363 So.2d 183 (Fla.2d DCA 1978). We find competent evidence in the record before us to support the determinations made by the trial judge in this case.
Both parties are 57 years of age and both are in poor health. During the marriage, the wife did not work. Although she has found occasional limited employment since the divorce, she has no substantial work record and poor skills. A specialist with a displaced homemakers' program and a placement interviewer with the Florida State Employment Service, both of whom had assisted and advised the wife in her efforts to find employment, testified that because of the wife's age, poor health, poor skills, and lack of a work record and work references, she is at this time virtually unemployable. The wife testified that she was presently employed in a CETA position[2] doing clerical work but that position would terminate at the end of 1978.[3] She further testified that she had searched extensively for another job but could find none. We believe the trial judge was justified in concluding that the wife's employment prospects are poor. That being the case, the wife is dependent for support at this time on the alimony which she receives from the husband.
*764 An award of alimony may be modified upon a showing of a substantial change in circumstances or financial ability of either the husband or the wife. Section 61.14, Florida Statutes (1977); Brown v. Brown, 315 So.2d 15 (Fla.3d DCA 1975). To determine whether the trial judge was correct in finding a substantial change of circumstances in this case, it is necessary that we examine the circumstances existing at the time of the modified alimony award made in 1975 and the circumstances presently existing.
The 1975 order recited that the reason for the modification made at that time, which decreased the wife's alimony award to $100 a month, was the husband's representation that he was unable to work because of his poor health. The order directed the husband to obtain a physical examination to verify that he was in fact totally disabled and further directed the husband, in the event that his health improved to the point that he was able to be employed, to report his employment status immediately to his attorneys so that a hearing could be had and the order modified if the trial judge deemed such a modification proper.
The husband admitted in his testimony opposing the wife's petition in this case that he did in fact obtain employment after the entry of the 1975 modification order. He was employed by a florist to drive a delivery truck and make deliveries, and earned approximately $116 per week in that job. His total monthly income at that time, then, was approximately $984.40. The husband further admitted that he voluntarily left his employment in July 1978 in order to take a one-year course (presumably now completed) in small engine repair, a skill which he believed would enable him to go into business for himself and earn a better living than he had enjoyed from his previous employment.
The husband's own testimony, therefore, fully supports the trial judge's finding in this case that the husband has the current ability to earn money. Where a former husband has an ability to earn if he so desires, the trial judge may impute an income to the husband according to what he could earn by the use of his best efforts to gain employment equal to his capabilities, and on that basis enter an award of alimony as if the husband were in fact earning the income so imputed. Fried v. Fried, 375 So.2d 46 (DCA 1979); Bradley v. Bradley, 347 So.2d 789 (Fla.3d DCA 1977); Mansfield v. Mansfield, 309 So.2d 629 (Fla.3d DCA 1975); Foster v. Foster, 537 S.W.2d 833 (Mo. Ct. App. 1976); Faye v. Faye, 131 Misc. 388, 226 N.Y.S. 729 (Sup.Ct. 1928); Annot., 18 ALR2d 10 at § 15 (1951). In such a situation, an award of alimony entirely exhausting the husband's actual income may be a proper exercise of the trial judge's discretion. Bradley v. Bradley, supra.
The husband, however, argues that his ability to pay is limited by the fact that he has obligations totaling approximately $12,000. That sum is listed on his financial statement under "liabilities," described only as "personal loan, trailer, bills, hospital." We agree with the trial judge's observation that the husband failed to establish that his present financial obligations preclude an increase in his alimony payments.
The husband identified $5,000 of his total obligations as the balance of the loan against the trailer in which he resides. He identified $700 as the balance owed by him on the purchase of a 14' boat, outboard motor, and boat trailer. He identified $700 as a personal loan, $300 as the balance of a department store account, and $200 as the balance due on past medical expenses. The husband testified that his present wife is employed and making most if not all payments due on these obligations, as well as telephone and utilities bills, and other living expenses. While it is true that ordinarily the financial circumstances of an ex-husband's present wife are not relevant in determining whether a former wife is entitled to an increase in alimony, Schneider v. Schneider, 348 So.2d 612 (Fla.4th DCA 1977), we do not believe that it was improper for the trial judge in this case to take into consideration the fact that the husband has made arrangements with his present wife to use her separate earnings to carry *765 his financial obligations. Fried v. Fried, supra.
The evidence, therefore, supports the trial judge's conclusion that the husband's circumstances have improved significantly since 1975, when he was unemployed and unemployable. With regard to the wife, the record reflects a substantial change in circumstances since 1975 in two respects. First, as noted above, the wife is now virtually unemployable. Additionally, the alimony award of $100 per month set in 1975 has been seriously eroded by the increase in the cost of living produced by inflation; of this we may take judicial notice. Stanley v. Stanley, 158 Fla. 402, 28 So.2d 694 (1947); Pope v. Pope, 342 So.2d 1000 (Fla.4th DCA 1977); Forte v. Forte, 320 So.2d 446 (Fla.3d DCA 1975), cert. denied, 351 So.2d 406 (Fla. 1977); Annot., 18 ALR2d 10 at § 5 (1951). In the cases cited, it was held that a rise in the cost of living is a change of circumstances which may be properly considered by a trial judge in increasing the financial obligations of a husband. It is true that the erosion of the purchasing power of the dollar falls not only on the wife but on the husband, and that factor alone might not justify an increase in alimony in the absence of a showing that the husband's ability to pay has increased. Greene v. Greene, 372 So.2d 189 (Fla.3d DCA 1979). However, in this case, as we have already noted, there has been an increase in the ability of the husband to pay.
In sum, we find that there was substantial competent evidence to support the determination of the trial judge in this case that the wife's alimony award should be increased to $300 per month.
We come now to the husband's argument that the trial judge erred in requiring the husband to contribute the sum of $500 toward the attorney's fees incurred by the wife in connection with her petition for modification. We first observe that such an award is authorized by Section 61.16, Florida Statutes (1977) and is a matter within the discretion of the trial judge. That discretion is to be exercised in consideration of the disparate economic needs and abilities existing between the parties. Diaco v. Diaco, supra.
In this case the wife has only one asset, the home in which she lives. She will be required to meet all of her living expenses from the alimony award of $300 per month. There is little leeway in that amount for the payment of attorney's fees, even in small monthly installments.
The husband, on the other hand, has retirement income of approximately $485 per month and the ability to earn at least an additional $498 per month. Furthermore, and the trial judge made note of this, the husband owns a pick up truck as well as a car, and recently purchased a boat, an outboard motor, and a boat trailer, which certainly are nonessential goods. Whatever financial arrangements the husband has made to acquire those goods can be as well applied to the payment of $500 in attorney's fees for the wife. Taking into consideration her need for help in this regard, we believe the trial judge correctly concluded that the husband's duty to supply that help takes precedence over wilfully incurred subsequent obligations which go beyond the husband's reasonable needs. McKey v. McKey, 228 Minn. 28, 36 N.W.2d 17 (1949).
We have considered all other points raised by the husband on this appeal and found them to be without merit. Accordingly, we affirm the modification order in all respects.
Affirmed.
BOARDMAN, A.C.J., and RYDER, J., concur.
NOTES
[1] Nicholson v. Nicholson, 372 So.2d 178 (Fla.2d DCA 1979); DeHart v. DeHart, 360 So.2d 1285 (Fla.2d DCA 1978); Santacroce v. Santacroce, 347 So.2d 815 (Fla.2d DCA 1977).
[2] A CETA position is an employment opportunity created under the Comprehensive Employment and Training Act (CETA), 29 U.S.C. § 801 et seq. The salary of a person employed in such a position is paid with funds made available by Congress through CETA. Participation in the program is limited to the time specified in 29 U.S.C. § 824(h).
[3] The husband points out that the record in this case does not reflect whether the wife's CETA position did in fact terminate at the end of 1978, and argues that the trial judge could not properly consider a change of circumstances anticipated to occur in the future. The argument is technically correct; however, we believe the trial judge properly considered the termination of the CETA position as a fait accompli based on his knowledge that such positions are limited in duration by law and based on the wife's testimony that her tenure in her CETA position would expire at the end of 1978. If in fact that did not occur, the husband certainly is entitled to bring the matter to the attention of the trial judge and request further modification of the alimony award.