■ ELEANOR G. SINGER et al., Respondents, v ALBERT G. THUILOT et al., Appellants, et al., Defendant.

The complaint, based on an alleged fraudulent misrepresentation by the seller and his attorneys as to the building's full compliance with the Rent Stabilization Law, is defectively pleaded in the absence of an allegation that defendants asserted the known false fact "to deceive the other party and to induce them to act upon it". *(Jo Ann Homes v Dworetz,* 25 NY2d 112, 119.) This is one of the five elements essential to a cause of action in fraud. *(See,* 60 NY Jur 2d, Fraud and Deceit, § 26.) The proposed amended complaint is similarly defective. Neither complaint may be fairly read as even implying such an allegation.

A properly drawn complaint, alleging an intent to deceive the purchasers, would otherwise have withstood a motion for summary judgment. Defendants' reliance on the contract's exculpatory clause, providing that none of the terms of the contract was to survive delivery and acceptance of the deed, is misplaced, since the complaint is grounded in fraud, not contract. *(See, Todd v Pearl Woods,* 20 AD2d 911, *affd* 15 NY2d 817.)* In such circumstances, leave is granted to replead a cause of action in fraud upon fact-based allegations that defendants, with intent to deceive the purchasers, offered the known false statement that all of the building's apartments were registered under the Rent Stabilization Law. Concur—Sullivan, J. P., Carro, Asch, Kassal and Wallach, JJ.